JOHN M. CONWAY, RELATOR v. IONIA CIRCUIT JUDGE.

*Garnishment—Defective affidavit—Dismissal of proceeding.*

Where proceedings in garnishment are based upon an affidavit that is jurisdictionally defective, but the garnishee appears and discloses assigned claims in which he has no personal interest, it is within the court's discretion to dismiss the proceedings on motion made by the garnishee, before judgment is entered in the principal case, especially if the affidavit is not amended after notice to dismiss, and the garnishee's conduct has not caused prejudice.

An affidavit for a writ of garnishment is fatally defective if it does not show the nature of the contract by which the principal defendant is bound or identify it with the cause of action in suit.

A garnishee who has only disclosed claims of creditors held under assignment wherein he has no personal interest, can be held only upon the trial of an issue, which is not ripe for trial before judgment in the principal case.

MANDAMUS.    Submitted April 6.    Denied April 13.

*Donald McPherson* and *Samuel Clute* for relator.

*Blanchard, Bell & Cagwin* for respondent.    Affidavits in garnishment are bad if they do not connect the indebtedness with the action or with a contract:  Act 256 of 1879;  *Weimeister v. Manville* 44 Mich. 408.

CAMPBELL, J.    A *mandamus* is asked to rescind an order dismissing garnishee proceedings as founded on a defective affidavit.    The affidavit does not conform to the amended garnishee law of 1879 inasmuch as it fails to show the nature of the contract of the principal defendants, or to identify it with the cause of action in suit.    As we have repeatedly held the defects fatal we need not discuss it.

But it is claimed the garnishee waived the jurisdictional defect by appearing and disclosing.    He expressly denied having any property of the principal debtors, and his disclosure showed claims of creditors under an assignment, in

which he had no personal interest, and in which other per-- sons had. The motion to quash was entered before any judgment had been rendered against the principal defendants..

Without considering under what circumstances, if at all,, a waiver will preclude the garnishee from raising such ob-- jections, we do not think it was any abuse of discretion in the circuit court to relieve the garnishee from further re- sponsibility. There seems to have been no difficulty in the way of making a valid affidavit when the motion was noticed,. and whatever may have been the case on this point, the gar- nishee should not be deprived of his jurisdictional defence, and be made to bear the annoyance of a litigation in which he has no interest, unless his conduct has been such as to· work serious prejudice. In the present case if the principal defendants had not withdrawn their defence the judgment: against them must have been still further delayed, and, as. already stated, the garnishee had made no admissions what- ever of liability. He could only have been held upon the trial of an issue, which was not ripe for trial before judg-- ment, in the principal case.

The *mandamus* must be denied with costs.

The other Justices concurred.