SHERMAN L. BURNSIDE, SURVIVOR, ETC., v. CHARLES.
DAVIS.

*Justices of the peace—Attachment—Affidavit—Jurisdiction.*

1. An affidavit for attachment in justice's court which fails to *iden-
   tify* the plaintiffs is void, and the justice acquires no jurisdic-
   tion to issue the writ.

   So *held,* where the affiant deposed that he was *one* of the plaint-
   iffs named in the annexed writ of attachment, but failed to fur-
   ther identify the plaintiffs, and the affidavit was not attached to.
   the writ.

2. How. Stat. § 6831, does not contemplate that an affidavit for an
   attachment in justice's court shall be annexed to the writ.[1]

3. It has always been held that an attachment cannot be sustained
   without a good and sufficient affidavit, as this is the document
   which gives jurisdiction.[2]

Error to Newaygo. (Fuller, J.)   Argued January 27,
1887.   Decided February 10, 1887.

Replevin.   Defendant brings error.   Affirmed.   The facts.
are stated in the opinion.

*Palmer & Palmer,* for appellant.

*D. F. Glidden,* for plaintiff.

CAMPBELL, C. J.   Plaintiffs brought **replevin against.**
defendant, who claimed as an officer holding under an attach-
ment levy on a suit against plaintiffs' vendors.   There is no.
dispute about the fact that plaintiffs were assignees of the.
attachment debtors, and entitled to hold against all but.
creditors claimed to have been defrauded by the sale.

It was held by the court below that the attachment pro-
ceedings were void.   If this ruling was correct, there could

---

[1] See *Stringer v. Dean,* 61 Mich. 197 (head-note 3), for rule in circuit
court.

[2] See *Borland v. Kingsbury,* ante. 59.

be no doubt of plaintiffs' right to recover, inasmuch as defendant had no other right to dispute the validity of plaintiffs' title.

The affidavit for attachment was as follows:

"Fred A. Ganson, of Norwich township, in the county of, Newaygo, and State of Michigan, being duly sworn, deposes and says that he is one of the plaintiffs named in the annexed writ of attachment; that Alonzo Welker and Stillman Norton, the defendants named in the said writ, is justly indebted to the said plaintiffs in the sum of two hundred dollars, as near as may be, over and above all legal set-offs; that the same is now due, and upon express contract; and this deponent further says that he has good reason to believe, and does believe, that the said defendants have assigned, disposed of, and sold their property, with intent to defraud their creditors."

This was sworn May 7, 1884, before A. C. Peck, a justice of the peace. A bond in attachment was given the same day, wherein Fred A. Ganson and Archibald Campbell were named as plaintiffs. A writ of attachment was issued in favor of the same parties, reciting that the requisite affidavit had been filed, and bond given and filed with the justice.

The statute concerning attachments in justices' courts requires that—

"Such plaintiff, or some person in his behalf, shall make and file with the justice an affidavit specifying, as near as may be, the amount due to the plaintiff, and containing a further statement, either that the deponent knows or has good reason to believe" some of the causes mentioned in the statute. How. Stat. § 6831.

In addition to this, a bond must be filed before the writ issues. Section 6838.

By section 6839 the form of the attachment is prescribed, and by the next section (6840) the officer's duty in making service is pointed out. The statute does not contemplate that the affidavit shall be annexed to the writ, or a copy of it served with the writ. The affidavit was not in this case attached to the writ when signed, or afterwards.

It does not in any place indicate who were the plaintiffs in the action. It shows that Ganson is one of them, but it also shows that he was not the only one. There is therefore nothing to connect the writ in favor of Ganson and Campbell with any affidavit filed in their behalf.

It has always been held that an attachment cannot be sustained without a good and sufficient affidavit, as this is the document which gives jurisdiction. This question is not in dispute, and there is no variance in the authorities, some of which are referred to in Judge Howell's notes to the statute.

The affidavit in this case is void for not identifying any plaintiffs. The judgment below in favor of plaintiffs was correct, and must be affirmed.

The other Justices concurred.