### HELLER v. PEOPLE'S SAVINGS BANK.

GARNISHMENT—AFFIDAVIT—AMENDMENT.

An affidavit for garnishment describing the suit to which it is ancillary as pending when in fact it has ripened into judgment, cannot be amended on appeal to the circuit court to conform to the fact, as the garnishee has a right to rely upon the accuracy of the statements in the affidavit.

Error to Saginaw; Snow, J. Submitted October 6, 1904. (Docket No. 18.) Decided November 15, 1904.

Garnishment proceedings by Adolph G. Heller and Daniel F. Patzer against the People's Savings Bank as garnishee of Mary Smith, defendant. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Reversed.

*John A. Combs (James H. Davitt,* of counsel), for appellant.

*Hugo P. Geisler,* for appellees.

CARPENTER, J.    Plaintiffs are assignees of a judgment obtained before Edward S. Pease, a justice of the peace in the county of Saginaw, against George W. Smith and Mary Smith, his wife. · They commenced this garnishment proceeding before Theodore N. Eiler, another justice of the peace in Saginaw county. The affidavit for garnishment stated that:

"Mary Smith, widow of George W. Smith, is justly indebted to said Adolph G. Heller and Daniel F. Patzer in the sum of $300, or thereabouts, upon a judgment heretofore rendered by Edward S. Pease, a justice of the peace in and for said county of Saginaw, for $288.88, damages and costs, and for the recovery of said demand said Heller and said Patzer have commenced a suit before Theodore N. Eiler, justice of the peace in and for the city of Saginaw and county aforesaid."

In fact, no suit was commenced upon said judgment, the design of said plaintiffs being to carry on the garnishment proceedings as ancillary to the judgment already obtained. The justice rendered judgment for the garnishee defendant. An appeal was taken to the circuit court. That court permitted plaintiffs to file an amended affidavit of garnishment, which differed from the first, in that it particularly described the judgment assigned to plaintiffs, and contained no statement that suit had been commenced upon the same. The trial in the circuit court resulted in a judgment for plaintiffs.

The important question raised by this appeal is this: Had the circuit court authority to permit plaintiffs to file their amended affidavit of garnishment?

Garnishment proceedings are always ancillary to a principal suit which is either pending or determined. The first affidavit of garnishment clearly described that principal suit as pending. It was in fact, as described in the

138 MICH.—13.

amended affidavit, already determined. It was certainly proper, if not necessary, to state in the first affidavit whether the principal suit was pending or determined. And as the liability of the defendants in garnishment would depend in a measure upon the result of said principal suit (see 1 Comp. Laws, § 1000), they had a right to rely upon the accuracy of this statement. The amendment then materially changed the affidavit of garnishment.

While clerical errors may be corrected (see *Wattles* v. *Wayne Circuit Judge*, 117 Mich. 662; *Union Nat. Bank* v. *Muskegon Circuit Judge*, 117 Mich. 678; *Emerson* v. *Spring Co.*, 100 Mich. 127), I think it clear that material changes cannot be made by amending affidavits of garnishment. If changes as material as this may be so made, it is difficult to understand why defects in an affidavit cannot be cured by amendment. We have held such defects fatal. See *Coe* v. *Hinkley*, 109 Mich. 608; *Weimeister* v. *Manville*, 44 Mich. 408; *Conway* v. *Ionia Circuit Judge*, 46 Mich. 28. They would not have been fatal if they could have been cured by amendment.

Judgment must be reversed, with costs of both courts. No new trial is awarded.

The other Justices concurred.