KATT *v.* SWARTZ.

1. GARNISHMENT—SERVICE OF SUMMONS—JUSTICES OF THE PEACE—JUDGMENTS—VALIDITY.

In garnishee proceedings in a justice's court where plaintiff and the principal defendant are residents of the same county, a judgment against the principal defendant is void where he is served with a short summons returnable in five days, instead of a long summons, returnable in not less than six nor more than twelve days.

2. SAME.

A garnishment proceeding is a proceeding by which a third party is involuntarily drawn into a litigation for which he is not responsible and in which he has no interest, the ultimate object being to compel him to pay a contractual indebtedness to another than a creditor to whom he owes the debt. It is a proceeding substantially *in rem* by which the garnishee defendant's indebtedness is impounded or taken into custody or court for the benefit of his creditor and he made an involuntary stake-holder, receiver, agent, or trustee of the court to hold the fund or *res* until it is

determined in the litigation who is entitled to it, or he is otherwise relieved of his trust.

3. SAME.

Under the judicature act, Act No. 314, Pub. Acts 1915, chap. 76, § 9, providing that where it appears upon the examination of a garnishee that he owes the principal defendant for personal work and labor and the indebtedness is due and payable, he shall forthwith pay to the justice of the peace the money shown to be due, and it shall be the duty of the justice to give the garnishee defendant a receipt for the money so paid, the garnishee is protected from liability to the principal defendant on a claim for personal work and labor where he appears and makes a full disclosure and pays the amount found due in court, and takes the justice's receipt, although a judgment against the principal defendant is void because he is served with a short summons instead of a long summons.

Error to Ottawa; Cross, J.   Submitted October 9, 1917.   (Docket No. 60.)   Decided December 27, 1917.

Assumpsit in justice's court by Claus Katt against Nicholas Swartz for work and labor. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Affirmed.

*Charles E. Misner,* for appellant.

*Louis H. Osterhous,* for appellee.

STEERE, J.   Antecedent to the commencement of this case, Frederick and William Hartel, doing business as Hartel Bros., commenced an action before a justice of the peace in Ottawa county against Claus Katt, plaintiff herein. On the same day, one of said plaintiffs filed an affidavit for a writ of garnishment against Nicholas Swartz, defendant herein, which among other things stated that said Swartz was indebted to said Katt "for his personal work and labor." Process was issued against and personally served upon each of

them on December 18, 1916. Both the summons against Katt as principal defendant and the summons in garnishment against Swartz as garnishee defendant were made returnable December 23d at 10 o'clock in the forenoon. On the return day the principal defendant, Katt, did not appear, but Swartz, the garnishee defendant, did appear before the justice in response to the summons served upon him and made disclosure that he was indebted to Katt, the principal defendant, in the sum of $91.61 then due and payable, which, at the conclusion of his examination, he paid into the hands of the justice, who gave him a receipt for the money so paid, reciting it was for "balance of bill due Claus Katt on bill for work on boat." The justice's docket record of the proceedings by and before him on the return day are as follows:

"December 23, 1916. Case called at ten o'clock a. m. Principal defendant not in court. Garnisheed defendant present and Daniel F. Pagelson appeared as attorney for plaintiffs. Waited one hour and principal defendant not appearing, proceeded to trial. Daniel F. Pagelson swore as to his authority to appear for the plaintiffs and filed a bill of particulars showing an indebtedness of $84.54 due the plaintiff from the principal defendant. No appearance having been entered by the defendant, I at once entered judgment in favor of the plaintiff and against the principal defendant in the sum of $84.54 with costs in the case taxed at $4.40, a total of $88.94, constable costs $2.40, officers $1.50, garnishee $0.50. Garnisheed defendant made oral disclosure admitting an indebtedness to the principal defendant in the sum of $91.61 which he paid into court and took a receipt for the same, of which sum $84.54 was paid over to the plaintiff's attorney, Daniel F. Pagelson, taking his receipt, leaving a balance in favor of the principal defendant in the sum of $2.67."

Katt not only failed to appear in justice's court to answer the summons served upon him, but for about two months thereafter took no steps by certiorari, appeal, or otherwise, to indicate that he was dissatisfied

with the result. He eventually secured the services of counsel on a contingent fee, who filed notice of a written agreement to that effect with claim of lien, and commenced the instant case before the same justice to recover the $91.61 which Swartz had admitted owing Katt in the prior garnishment proceedings and paid into the hands of said justice, who disposed of it as recited in his docket. Assuming that his prior payment to said justice absolved him from further liability, he did not appear on the return day of the summons, and the justice then rendered judgment against him in favor of Katt for $91.61 and costs. From this judgment he appealed to the circuit court, where issue was framed by proper pleadings, and upon a retrial before the court without a jury judgment was rendered in his favor.

It was conceded upon the trial that Hartel Bros. and Katt were residents of Ottawa county. In their suit against him a long summons should therefore have been used, returnable not less than six nor more than twelve days; but the justice issued a short summons on December 18th, made returnable December 23d. The garnishee summons served on Swartz was properly made returnable in less than six days under the provisions of section 4, chap. 76, of the judicature act (3 Comp. Laws 1915, § 14364).

The trial court found, and it is practically conceded, that the judgment of Hartel Bros. against Katt, as principal defendant, was void because of the mistake made by the justice in issuing a short summons instead of a long one, but held that defendant was discharged from liability and absolved from further proceedings by payment of the amount of his disclosed and undisputed indebtedness into court in response to the garnishment proceedings against him, which were so far as related to him in full compliance with the requirements of the statute and in all respects regular.

The controlling question involved here was properly preserved by objections, exceptions and various assignments of error, and centers upon the following objection by plaintiff to the judgment in *Hartel Bros.* v. *Katt* and all proofs offered in relation thereto:

"*First,* because a short summons was issued when a long one was required by law; *second,* because the docket shows on its face that no witnesses were sworn or testimony taken on behalf of plaintiff to support the judgment."

It is conceded by defendant that prior to the amendment of the garnishment law payment into court by a garnishee defendant after disclosure of his indebtedness to the principal defendant would not protect him unless the proceedings and judgment against the principal defendant proved valid. But it is urged that under the present garnishment law a defendant who, in response to a garnishee summons regularly issued by a court of competent jurisdiction, in proper form and made returnable at time and in the manner prescribed by law, pays into court the amount of his disclosed indebtedness to a principal defendant, taking the receipt of the justice therefor, has discharged his indebtedness and is no longer answerable to the principal defendant for any part of the sum so paid, regardless of the result of the suit against the principal defendant, or what was done with the money after the justice receipted for it in accordance with law; while it is contended by the plaintiff that the garnishee defendant pays the money into court at his peril as before.

The amended garnishment law, as found in the so-called judicature act (chapter 76, Act No. 314, Pub. Acts 1915, 3 Comp. Laws 1915, § 14361 *et seq.*), follows in its main features and largely re-enacts the law upon that subject as it previously existed in this State, with certain amendments,

amongst which, as pertinent to this contention: Section 1 now requires that affidavits for writ of garnishment shall state whether or not the amount due from the garnishee defendant to the principal defendant is for personal work and labor of such principal defendant or any member of his family. Section 2 provides that the summons shall·require the garnishee defendant to answer under oath all questions put to him touching his indebtedness to the principal defendant, etc., according to the allegations contained in the affidavit for writ of garnishment. Section 4 requires the justice to issue a short summons, to be served at least two days before the time of appearance mentioned therein, if it appears by the affidavit that the amount sought to be reached as being due from the garnishee defendant is for work and labor of the latter, or any member of his family. Section 5 provides, as before, for liability from the time of service of summons, etc., with a proviso that, when the defendant is a householder having a family, "nothing herein contained shall be applicable to any indebtedness of such garnishee to the defendant for the personal labor of such defendant or his family to the amount of sixty per centum of such indebtedness, but in no case shall more than thirty dollars of such indebtedness be exempt," and in case defendant is not a householder with a family an exemption of thirty per centum is provided. Section 9, which raises the principal contention here, provides:

"On the appearance of such garnishee before such justice, or on some other day to which the same may be adjourned, the plaintiff, or principal defendant may proceed to examine the garnishee on oath, or otherwise, as the plaintiff or principal defendant may elect, touching the matters alleged in the affidavit, and the justice shall take minutes of such examination, and file the same with the other papers in the cause. Upon such examination, the garnishee shall not be deemed a

witness for the plaintiff, and his answers or disclosures upon such examination may be contradicted or controverted by the plaintiff, or the principal defendant. If it should appear upon such examination or disclosure that the money owing from the garnishee defendant is for personal work and labor performed by the principal defendant, or some member of his family, and is then due and payable, such garnishee defendant shall forthwith pay to the justice the money shown by the disclosure to be due, and it shall be the duty of the justice to give to the garnishee defendant a receipt for the money so paid."

Section 10 requires that out of any money paid to the justice under section 9 he shall forthwith pay to the principal defendant so much thereof as the principal defendant satisfactorily proves is exempt to him for work and labor under provisions of the act.

It is said that these provisions relative to exemptions were embodied in the law to remedy prevailing and grievous abuses of the process of garnishment in justices' courts under former statutes which afforded persons entitled to exemptions no summary method of securing the benefit of the same where all their wages were tied up in often protracted garnishment proceedings. A comparison of the present garnishment law with those which preceded it, as construed, makes plain that such was the purpose in the changes and additions referred to, and it seems fairly clear that in working to that end by compelling the garnishee defendant to forthwith pay to the justice the money shown by the disclosure to be due, where it appeared the debt was for work and labor of the principal defendant, it was the legislative intent to relieve him from further liability in the premises, and transfer his trusteeship of the fund to the justice to whom he was compelled to pay it and who controlled the litigation over it. To compel the garnishee defendant to pay the money over to the justice and yet hold him responsible for it would be so manifestly vexatious and

unjust legislation that such intent cannot be presumed unless made imperative by the language of the law.

Garnishment is generally recognized and held to be a harsh, peculiar, and anomalous remedy both in scope and practice, purely of statutory origin, and so varying in different jurisdictions that few general underlying principles are found or rules formulated by which the rights and obligations of parties can be safely tested in the practical operation of a garnishment law. It is a proceeding by which a third party is involuntarily drawn into a litigation for which he is not responsible and in which he has no interest, the ultimate object being to compel him to pay a contractual indebtedness to another than the creditor to whom he owes the debt. It is said to be a proceeding substantially *in rem,* by which the garnishee defendant's indebtedness is impounded or taken into the custody of the court for the benefit of a creditor of his creditor and he made an involuntary stakeholder, receiver, agent, or trustee of the court to hold the fund, or *res,* until it is determined in the litigation who is entitled to it, or he is otherwise relieved of his trust. If in response to his summons he freely and unconditionally admits his indebtedness and is compelled by an order of the court, or by statute, to pay the money into court, it would seem but reasonable that his forced trusteeship should thereupon end.

"When a garnishee admits an indebtedness to the defendant, or that he has money of the defendant's in his hands, it is within the province of the court to order him to pay it into court, to be there held pending the litigation. He has no right to appeal from such an order, and he will be protected by it against both the plaintiff and the defendant." Drake on Attachment and Garnishment (7th Ed.), § 676a.

"Statutes frequently provide that, under certain conditions, the garnishee may—and in some of them direct that, in certain cases, under order of the court, he shall—pay or deliver the attached property into

court, and that thereupon he shall be discharged from all further liability in respect thereof." Rood on Garnishment, § 317.

In 2 Wade on Attachment and Garnishment, § 398, it is said:

"When the garnishee is summoned, and the circumstances are favorable to the unconditional admission of the indebtedness, he may so answer, recover his costs, pay the money into court, and be discharged from further liability."

That it was the legislative intent the garnishee defendant should be released from liability upon paying his admitted indebtedness into court, as the statute says he shall do forthwith, is emphasized by section 12 of the act, which changes the former law relating to payment into court of the amount which his examination, or disclosure, shows to be due, and he no longer is required to wait until the plaintiff shall have recovered a judgment against the principal defendant. It reads as follows:

"Upon closing the examination, or upon filing the disclosure, in cases where a written disclosure is permitted, or at any time thereafter, the garnishee may pay to the justice before whom the examination was had, all money then due and owing by him to the defendant, as shown by his disclosure, and thereupon such justice shall execute and deliver to the garnishee a release and discharge for the money so paid, and enter such discharge upon his docket. If the plaintiff shall have recovered a judgment against the defendant, and the time limited by law for an appeal shall have expired if no appeal has been made, the justice shall pay to the plaintiff in said cause out of such moneys, the amount of the judgment and taxable costs, and the surplus, if any, he shall pay to the principal defendant. If the plaintiff shall not have recovered a judgment against the defendant, the said justice shall retain said moneys in his hands until the final disposition of the cause, when he shall dispose of the same in the manner aforesaid: *Provided,* That if

a judgment shall have been recovered against the defendant, and an appeal shall have been taken therefrom by the defendant, the said justice shall forthwith pay over said moneys to the principal defendant."

This section is a modification of section 996, 1 Comp. Laws of 1897, also appearing as section 6445 in the compilation of 1871. The radical modification authorizing prompt payment to the justice upon disclosure and admission of the indebtedness, to be followed by a release and discharge from the justice, with detailed provisions directing what disposition the justice shall make of the money according to the contingencies of the litigation, fairly indicates the intent that he shall thereafter become the stakeholder, or trustee, for the litigants in the place of the garnishee defendant and be held accountable in his official capacity, as he of right ought to be, for the proper disbursement of the money thus paid into his hands, rather than, as formerly, hold the garnishee defendant accountable, after he has once paid his debt as the law authorizes, for the justice's mistakes.

In *Laidlaw* v. *Morrow*, 44 Mich. 547 (44 N. W. 191), cited by plaintiff to the point that payment to the justice is no protection when judgment against the principal defendant is void, Justice GRAVES, speaking for the court, although constrained under the wording of the statute as it then was to hold a judgment no defense in that case, offered the following reflections upon the law:

"Whether the proceedings in the garnishee suits proper might not be upheld in favor of the garnishee against this collateral attack need not be considered. The court would struggle to save a garnishee acting fairly and in good faith from paying a debt twice. The law which regulates this proceeding contains many defects, and not the least among them is the want of suitable express provisions for guarding and protecting the rights of garnishees in respect to interests be-

longing to or claimed by parties other than the garnishee debtor, and for guarding and protecting the rights of parties claiming adversely to the various parties litigating."

In *Somers* v. *Losey,* 48 Mich. 294 (12 N. W. 188), plaintiff contended that a former garnishee payment interposed as a defense was no protection because, amongst other things, the former judgment in the main case and garnishee proceedings were both void. In affirming a judgment for the defendant this court there said, speaking through Justice CAMPBELL:

"The objection to the judgment is that the suit was not brought in the proper name, or in the proper way to collect delinquent taxes. It is sufficient to say that there being a plaintiff who has actually sued, and a defendant who has been cast in a judgment from which he has not appealed, for an amount within a justice's jurisdiction, that judgment cannot be attacked collaterally. * * * And it is not very important to determine whether the justice's judgment against the garnishees is regular without a further declaration, or whether it can be attacked collaterally, because under the statute the disclosure fixes the liability without a judgment so that the garnishees may pay the money over. 2 Comp. Laws (1871), § 6445."

As pointed out by Justice GRAVES, not least among the many defects in the old garnishment law was a want of suitable express provisions to protect the rights of garnishee defendants who obeyed the mandates of the court, disclosed their indebtedness, stood ready, and desired to promptly pay the same to whoever was entitled to it. As the law then stood, it was a "struggle," often unsuccessful, to save an innocent garnishee who had acted fairly and in good faith from paying twice. We think it manifest that the changes from the old law found in section 12 were intended to cure that defect and relieve such garnishee defendants, and the courts, from the complications and struggles which the old law gave rise to.

While payment before judgment is optional under section 12, it is mandatory under section 9. Where exemptions for labor are involved, the law commands that the garnishee defendant "shall forthwith pay to the justice" the amount of his disclosure. Defendant in this case simply obeyed the law and volunteered nothing. He was legally summoned by proper process issued from a court of competent jurisdiction, regularly served and returned, to answer as garnishee defendant in an action then begun and pending in that court. The court had jurisdiction over the subject-matter of the suit, and the principal defendant was within the territorial jurisdiction of the court with actual, if not legal, notice of the pendency of the suit against him. At the time and in the manner prescribed by statute, defendant appeared, disclosed touching his indebtedness according to the allegations of the affidavit for writ of garnishment, forthwith paid the amount of his indebtedness as disclosed to the justice before whom he was summoned, who gave him a receipt for the money so paid showing that it was for work and labor. His duties and liabilities as fixed by statute were then fulfilled. The law no longer required him to dance attendance upon the justice, who had the money, was thereafter accountable for it, and under bonds for faithful performance of the duties of his office.

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, BROOKE, and FELLOWS, JJ., concurred.