CARTER v. BABCOCK.

GARNISHMENT—JUSTICES OF THE PEACE—AFFIDAVITS—STATUTES.
Where an affidavit in garnishment failed to state that it was made by plaintiff, his agent or attorney, as required by the statute (3 Comp. Laws 1915, § 14361), it was absolutely void, and conferred no jurisdiction upon the justice.

Error to Berrien; White, J. Submitted April 15, 1919. (Docket No. 43.) Decided May 29, 1919.

Assumpsit by Emma Carter against Bert Babcock for money had and received. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*O'Hara & O'Hara*, for appellant.
*Gore & Harvey*, for appellee.

STONE, J. This is an action in assumpsit in which the plaintiff in her declaration seeking to recover an indebtedness of defendant, alleges that she was the assignee of one Grant Carter, who, on April 4, 1918, for a valuable consideration, sold, assigned and transferred said indebtedness to her, and that she was the owner thereof. It further alleges that on the day aforesaid the defendant was indebted to plaintiff's said assignor in the sum of $1,000, under the usual common counts in assumpsit.

The plaintiff's bill of particulars of her demand was as follows:

"One Grant Carter, plaintiff's assignor, had an auction sale some three or four miles from the village of Three Oaks, in said county of Berrien, at which sale said defendant acted as Grant Carter's clerk, and as such received into his possession, for the said Grant Carter, the proceeds of such sale, amounting to $205.00 in cash, and four promissory notes aggregating $399.-26, payable to the order of the said Grant Carter as follows." (Describing the notes and further alleging said assignment of the demand.)

The bill of particulars concludes as follows:

"This suit is brought to recover the value of the said cash and notes, the defendant having refused to turn them over to plaintiff, as demanded by her."

The plea was the general issue with an amended notice thereunder, that said alleged assignment was without consideration; was made for the purpose of defrauding John J. O'Brien, one of the creditors of said Grant Carter; that said assignment was made on the very date that said plaintiff commenced suit against defendant, and was made for the purpose of enabling said plaintiff to make some claim against the defendant. Said notice also averred that at the time said assignment was made said Grant Carter, the assignor thereof, had been made a defendant in

a suit by John J. O'Brien before Charles Holmes, justice of the peace in and for said county, and that prior to April 4, 1918, the date of said assignment, the above named defendant had been served by a writ of garnishment issued by said justice of the peace, in favor of said John J. O'Brien against the defendant as garnishee; that thereafter, and on or about April 6, 1918, this defendant, as he was commanded in said writ of garnishment, made a disclosure to said justice of the peace, wherein said garnishee, this defendant, disclosed that as clerk of the sale mentioned in the plaintiff's bill of particulars herein, he had in his possession and under his control the cash and notes stated in said bill of particulars; that thereafter this defendant was declared against by said John J. O'Brien before said justice, and thereupon said justice issued a summons to this defendant as garnishee of said John J. O'Brien, commanding this defendant to appear before said justice in his office at the village of Three Oaks aforesaid, on April 13, 1918, at 10 o'clock a. m., and show cause, if any he had, why judgment should not be rendered against him in favor of the above named John J. O'Brien; that such summons were issued in each of two suits brought against said Grant Carter, as principal defendant, by said O'Brien, and in each of which said suits this defendant was named as garnishee; that at the time and place specified this defendant appeared and filed his answer and plea to the plaintiff's declaration in garnishment; that in said answer this defendant showed to the court that he held said moneys and said notes for the benefit of said Grant Carter; that this defendant was served by summons in this action on April 5, 1918; that defendant was not able to determine to whom he was to pay said cash and notes; that he made no claim thereto, and that he was ready and willing to turn said notes and cash over to the person, or persons, legally entitled to

receive the same; and that such proceedings were had in said justice court; that a judgment was rendered in one of said suits against this defendant and in favor of John J. O'Brien for the sum of $300, with costs to be taxed, and that a judgment was rendered in the other of said suits against this defendant in favor of said O'Brien, plaintiff, for $125.15, together with costs to be taxed, and that executions were duly issued and said money and notes levied upon.

Upon the trial, the defendant, to maintain the issue, offered in evidence the two affidavits in garnishment. They were exactly alike, except in the amount of indebtedness. We copy one of them here:

"State of Michigan, ⎱ ss.
    "County of Berrien, ⎰

"Lucille D. O'Brien, being duly sworn, deposes and says that Grant Carter is justly indebted to John J. O'Brien in the sum of three hundred dollars or thereabouts, upon express contract, and that for the recovery of said demand, John J. O'Brien has commenced suit before Charles Holmes, one of the justices of the peace in and for said county. And this defendant further says that she has good reason to believe, and does believe, that Bert Babcock has property, money and effects in his hands and under his control, belonging to said Grant Carter from sale of personal property, and that the said Grant Carter is indebted to the said John J. O'Brien, and further says not.

                              "Lucille D. O'Brien.

"Subscribed and sworn to before me this 21st day of March, A. D. 1918.

                              "Charles Holmes,
                              "Justice of the Peace."

The admission in evidence of these affidavits was objected to by plaintiff's counsel, together with all subsequent steps in the garnishee proceedings because there had been a failure to set forth the elements that the statute requires. Counsel said:

"The statute requires an affidavit in garnishment be made by plaintiff, his agent or attorney, and that must be set forth somewhere in the affidavit, by way of recital at least, before the court can obtain any jurisdiction to issue a writ. Here is an affidavit made by a stranger to the record. And that it is necessary under all the decisions, under the statute, to have, at least by way of recital, the fact that Lucille D. O'Brien makes it in his behalf—in behalf of the husband, that she is agent or attorney, or in his behalf. And nothing of that kind appears here, and the whole proceedings are founded on those affidavits."

The objection was overruled and the affidavits were received in evidence.

The statute, being section 1 of chapter 76 of the judicature act (3 Comp. Laws 1915, § 14361), provides:

"In any action commenced before a justice of the peace founded upon contract, or upon or after judgment, if the plaintiff, his agent or attorney shall make and file with such justice an affidavit stating that he has good reason to believe, and does believe that any person, naming him, has property, money or effects in his hands, or under his control, belonging to the defendant, or any, or either of the defendants in such suit, judgment or decree, or that such person is indebted to such defendant, or any or either of the defendants, and further stating whether or not the amount due from the garnishee defendant to the principal defendant is for the personal work and labor of such principal defendant, or any member of his family, the justice shall issue a summons," * * *

The plaintiff requested the court to charge the jury as follows:

"3. The garnishee proceedings were absolutely void. The justice never obtained jurisdiction in these proceedings, because no such affidavit as the law requires was made and filed with the justice, and therefore he had no authority to issue the summons in garnishment. The affidavit upon which the justice acted, did not show upon its face that it was made by the plain-

tiff himself, or his agent or attorney. Nor did it even show that such affidavit was made on plaintiff's behalf."

The trial court refused to give said request, and upon motion of defendant directed a verdict and judgment to be entered for the defendant; and the same were entered accordingly.

The court was of the opinion that the case was governed by the case of *Katt* v. *Swartz,* 199 Mich. 51. The plaintiff has brought error.

. By appellant's 3d, and also by her 11th assignment of error, the question of the sufficiency of the affidavits in garnishment is squarely raised, and the 16th assignment of error is to the effect that the court erred in directing a verdict for defendant.

In our opinion the affidavits in garnishment were fatally insufficient to confer jurisdiction upon the justice to issue the garnishee summons. The statute quoted requires the affidavit to be made by the plaintiff, his agent or attorney. Here, there was not even a recital of that fact. We think that this is a jurisdictional question.

The rule is well stated in 1 Stevens' Mich. Practice, § 85, where the author says:

"It is settled that if the affidavit fails to comply substantially with the requirements of the statute, the court acquires no jurisdiction and the proceedings are void, unless at least there is a waiver of the defects. A waiver of fatal defects by the garnishee may possibly bind him; but it will not protect him from an action by his creditor, the principal defendant." Citing *Weimeister* v. *Manville,* 44 Mich. 408; *Conway* v. *Ionia Circuit Judge,* 46 Mich. 28; *Ettelsohn* v. *Insurance Co.,* 64 Mich. 331.

See, also, Rood on Garnishment, §§ 250, 251, 270, 271.

In *Ettelsohn* v. *Insurance Co., supra,* it was said:

"If a creditor seeks to collect his debt under this statute, the reasons are abundant and manifest why he should pursue the statute strictly, and under the most strict construction. The proceeding is founded upon the affidavit required by the statute. If this affidavit is defective, the court acquires no jurisdiction. It is not a case in which jurisdiction can be acquired by voluntary appearance of the parties, or aided by presumptions. Neither can any substantial requirements of the statute be waived in any of the proceedings by the debtor garnished, because others have an interest in the result quite equal with those of the parties to the suit." Citing in addition to the above cases, *Iron Cliffs Co.* v. *Lahais,* 52 Mich. 394.

In the *Ettelsohn Case* the court was equally divided upon the question of strict construction, but all agreed that the statute should be strictly construed, so as to protect the rights of parties. We think the same rule should be applied as in attachment cases. In *Borland* v. *Kingsbury,* 65 Mich. 59, it was held that it was essential that it should appear upon the face of an affidavit for an attachment that it was made either by the plaintiff, or by some person in his behalf. Citing *Burnside* v. *Davis,* 65 Mich. 74. See, also, *Stringer* v. *Dean,* 61 Mich. 196.

In *Wetherwax* v. *Paine,* 2 Mich. 555, the affidavit in garnishment was made by one Bothwell, who described himself as the agent of the plaintiffs, and it was held to be sufficient. In the instant case there was no such recital. See, also, *Keister* v. *Donovan,* 173 Mich. 328, at page 334, as to the necessity of observing statutory requirements in such proceedings.

Authorities in other jurisdictions are abundant to the same effect. *Wiley* v. *Aultman & Co.,* 53 Wis. 560 (11 N. W. 32) ; *Willis* v. *Lyman, Sears & Co.,* 22 Tex. 268; *Manley* v. *Headley,* 10 Kan. 88; *Mohr* v. *Manufacturing Co.,* 3 Alberta L. R. 252; *Lee* v. *Sumner,* 2 Manitoba L. R. 191.

The last two cited cases were garnishee proceed-

ings, and are directly in point, the affidavits having been defective in the same particular as in the instant case.

We are of the opinion that the court was in error in holding that *Katt* v. *Swartz, supra,* was controlling in this case. This court was there dealing with section 9 of chapter 76 of the judicature act (3 Comp. Laws 1915, § 14369), where the money owing was for personal work and labor performed by the principal defendant, or some member of his family, and the distinction between that and other sections, especially section 12, was pointed out, and the mandatory language of section 9 was emphasized. In the instant case there was no claim that the money owing was for personal work and labor, and the affidavits failed to comply with the statute in that regard—a point not distinctly raised in the case. The distinction between the cases will appear upon careful examination.

In our opinion the affidavits in garnishment were absolutely void, and conferred no jurisdiction upon the justice, and the subsequent proceedings were nugatory, and constituted no defense to this action. The court erred in receiving the affidavits in evidence, in refusing to charge the jury as requested, and in directing a verdict for the defendant. Whether the assignment of the claim to the plaintiff was valid or not, presented a question of fact which should have been submitted to the jury under proper instructions.

The judgment is reversed and a new trial granted, with costs to the appellant.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.