*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JODE INVESTMENTS, LLC, CLUB GOLF
PROPERTIES, LLC, and CLUB GOLF
INVESTORS, LLC,

       Plaintiffs/Counterdefendants-
       Appellants/Cross-Appellees,

v

BURNING TREE PROPERTIES, LLC,
BURNING TREE INVESTORS, LLC, SIMONE
MAURO, SALVATORE DIMERCURIO, and
SERGIO GESUALE,

       Defendants/Counterplaintiffs/Third-
       Party Plaintiffs-Appellees/Cross-
       Appellants,

and

ANTHONY MARROCCO and ANTHONY
FANELLI,

       Third-Party Defendants-
       Appellants/Cross-Appellees.

UNPUBLISHED
February 20, 2020

No. 346403
Macomb Circuit Court
LC No. 2011-000291-CB

Before: REDFORD, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

       Plaintiffs/Counterdefendants-Appellants/Cross-Appellees Jode Investments, LLC (Jode
Investments), Club Golf Properties, LLC, and Club Golf Investors, LLC, and Third-Party
Defendants-Appellants/Cross-Appellees Anthony Marrocco and Anthony Fanelli[1] appeal as of
right the trial court's order sustaining an objection to the inclusion of postjudgment interest in the

---

[1] We will refer to plaintiffs and third-party defendants collectively as "plaintiffs."

-1-

writs of garnishment, but finding that the writs of garnishment were nonetheless valid. On appeal, plaintiffs argue that the trial court abused its discretion when it refused to quash the writs of garnishment, despite sustaining objections to the writs of garnishment on the basis of the improper inclusion of interest. On cross-appeal, defendants/counterplaintiffs/third-party plaintiffs-appellees/cross-appellants, Burning Tree Properties, LLC, (BTP) Burning Tree Investors, LLC, (BTI) Simone Mauro, Salvatore DiMercurio, and Sergio Gesuale,[2] argue that the trial court abused its discretion when it allowed defendants to seek postjudgment interest in the writs of garnishment, but not from the date of the September 30, 2016 order of judgment. We vacate the writs of garnishment and remand.

## I. PROCEDURAL HISTORY

This case arises out of 12 requests for writs of garnishment that defendants filed with the trial court. Defendants sought to garnish plaintiffs' bank accounts for the payment of money owed to defendants, as discussed in this Court's prior opinions in *Jode Investments, LLC v Burning Tree Props, LLC*, unpublished per curiam opinion of the Court of Appeals, issued April 17, 2014 (Docket No. 310957) (*Jode Investments I*) and *Jode Investments, LLC v Burning Tree Props, LLC*, unpublished per curiam opinion of the Court of Appeals, issued February 27, 2018 (Docket Nos. 335299; 336726) (*Jode Investments II*). In the requests for writs of garnishment, defendants included an amount of postjudgment interest. Plaintiffs filed objections to the writs, arguing that the inclusion of postjudgment interest rendered the writs invalid. In accordance with this Court's opinion in *Jode Investments II*, unpub op at 13-14, plaintiffs argued that this Court determined that defendants were not entitled to interest. Defendants argued that *Jode Investments II* only dealt with the issue of prejudgment interest, and therefore, defendants were entitled to postjudgment interest. The trial court agreed with defendants, but ordered that defendants were only entitled to postjudgment interest from November 15, 2018, instead of from September 30, 2016, the date of the judgment.

## II. DISCUSSION

On appeal, plaintiffs argue that the trial court abused its discretion when it determined that the writs of garnishment were valid, despite the improper inclusion of interest. We agree. On cross-appeal, defendants argue that the trial court erred when it allowed defendants to include postjudgment interest in the writs of garnishment from the date of the trial court's November 15, 2018 opinion and order, instead of the September 30, 2016 order of judgment. We disagree.

## A. VALIDITY OF THE WRITS OF GARNISHMENT

Plaintiffs argue that the trial court abused its discretion when it determined that the writs of garnishment were valid, despite the improper inclusion of interest. We agree.

"This Court reviews for an abuse of discretion a trial court's decision whether to quash a writ of garnishment." *Sys Soft Technologies, LLC v Artemis Technologies, Inc*, 301 Mich App 642, 650; 837 NW2d 449 (2013). "An abuse of discretion occurs when a trial court's decision is

---

[2] We will refer to these defendants collectively as "defendants."

not within the range of reasonable and principled outcomes." *Taylor v Currie*, 277 Mich App 85, 93; 743 NW2d 571 (2007). The interpretation of the court rules is reviewed de novo. *AFP Specialities, Inc v Vereyken*, 303 Mich App 497, 504; 844 NW2d 470 (2014).

"Once a judgment is obtained, garnishment is a legitimate and common procedure to satisfy a claim." *Ward v Detroit Auto Inter-Ins Exch*, 115 Mich App 30, 35; 320 NW2d 280 (1982). Garnishment proceedings are authorized by statute, but the procedural aspects are governed by the court rules. *Royal York of Plymouth Ass'n v Coldwell Banker Schweitzer Real Estate Servs*, 201 Mich App 301, 305; 506 NW2d 279 (1993).

Plaintiffs assert that the trial court abused its discretion when it failed to hold that the writs of garnishment were invalid because of the improper inclusion of interest. "Objections may only be based on defects in or the invalidity of the garnishment proceeding itself or the balance provided on the statement sent pursuant to MCL 600.4012(5)(a), and may not be used to challenge the validity of the judgment previously entered." MCR 3.101(K)(1). Plaintiffs objected to the writs of garnishment under MCR 3.101(K)(2)(f), which states that an objection be made when "the garnishment was not properly issued or is otherwise invalid." Plaintiffs' argument only relates to the "otherwise invalid" clause of MCR 3.101(K)(2)(f).

The parties agree that there is no binding caselaw interpreting the "otherwise invalid" clause of MCR 3.101(K)(2)(f). Plaintiffs cite to *VanderKodde v Mary Jane M Elliott, PC*, 314 F Supp 3d 836 (WD Mich, 2018)[3] to support their argument that when a judgment creditor requests an amount the creditor is not legally entitled to, the garnishment is "otherwise invalid." The plaintiffs in *VanderKodde* had a judgment entered against them, which granted the defendants prejudgment interest at a rate of 13%. *VanderKodde*, 314 F Supp 3d at 837-838. The defendants then requested writs of garnishment that included postjudgment interest. *Id*. at 838. The plaintiffs filed suit in federal court, accusing the defendants of violating the fair debt collections practices act (FDCPA), 15 USC 1692 *et seq.*, because the interest rate was not authorized by law. *Id*. The defendants filed two motions to dismiss for lack of subject-matter jurisdiction on the basis of the *Rooker-Feldman*[4] doctrine," *id*, which "precludes federal district courts from hearing cases brought by state-court losers complaining of injuries caused by state-court judgments." *Brent v Wayne Co Dep't of Human Servs*, 901 F3d 656, 674 (CA 6, 2018) (internal citation and quotation marks omitted). Regarding the first motion to dismiss, the district court determined that the *Rooker-Feldman* doctrine barred review of the writs of garnishment because the interest rate in the writs were on the basis of the underlying state court judgments, which specified the interest rate. *Id*. at 840-841.

---

[3] Plaintiffs acknowledge that *VanderKodde*, as a case from the United States District Court for the Western District of Michigan, is not binding caselaw. Indeed, this Court is not bound to follow federal decisions interpreting Michigan law. *VanBuren Twp v Garter Belt Inc*, 258 Mich App 594, 604; 673 NW2d 111 (2003). Federal court decisions regarding state law are merely persuasive authority. *Hill v City of Warren*, 276 Mich App 299, 314; 740 NW2d 706 (2007).

[4] *District of Columbia Court of Appeals v Feldman*, 460 US 462; 103 S Ct 1303; 75 L Ed 2d 206 (1983); *Rooker v Fidelity Trust Co*, 263 US 413; 44 S Ct 149; 68 L Ed 362 (1923).

The defendant who filed the second motion to dismiss was only involved in the state court lawsuit after the judgment was issued, so the defendant could not argue that the underlying judgment implicated the *Rooker-Feldman* doctrine. *Id*. at 841. Instead, the defendant argued that the writs of garnishment were state court orders, which implicated the *Rooker-Feldman* doctrine. *Id*. The district court agreed, finding that a writ of garnishment is a state court order. *Id*. at 843. The district court noted that plaintiffs could have objected to the writs in state court, under the "otherwise invalid" clause of MCR 3.101(K)(2)(f). *Id*. at 844. The district court explained that "when a judgment creditor, the defendants here, request an amount to which they are not legally entitled, the garnishment is 'otherwise invalid.' " *Id*. at 843-844, quoting MCR 3.101(K)(2)(f). Because the plaintiffs did not object to the writs in the state court, the district court held that it did not have jurisdiction over the lawsuit because of the *Rooker-Feldman* doctrine. *VanderKodde*, 314 F Supp 3d at 844-845.

In addition to *VanderKodde* only being persuasive authority, plaintiffs' argument involving *VanderKodde*—that when a writ of garnishment includes an amount that a party is not legally entitled to renders the writ "otherwise invalid," is dictum. " '[O]biter dictum' is defined as '1. an incidental remark or opinion. 2. a judicial opinion in a matter related but not essential to a case.' " *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 437; 751 NW2d 8 (2008), quoting *Random House Webster's College Dictionary* (1997) (alteration in original). The district court's statement that plaintiff relies upon is dictum because whether the defendants were legally entitled to the amount of interest claimed in the writs of garnishment was not essential to the district court's holding that the *Rooker-Feldman* doctrine applied. Instead, the district court held that the *Rooker-Feldman* doctrine applied because the plaintiffs were attempting to collaterally attack a state court order, the writs of garnishment, by appealing the writs to the federal district court under the auspices of the FDCPA, instead of appealing the writs to this Court. *VanderKodde*, 314 F Supp 3d at 843-845. We are not inclined to follow dictum in an opinion that is merely considered persuasive authority.

Plaintiffs next argue that the trial court abused its discretion by amending the writs of garnishment to remove the amount of postjudgment interest defendants claimed. Amendments to a writ of garnishment have been allowed "where a clerical error is clearly shown." *Walden v Crego's Estate*, 288 Mich 564, 573; 285 NW 457 (1939). However, "material changes cannot be made by amending affidavits of garnishment." *Heller v People's Savings Bank*, 138 Mich 192, 194; 101 NW 226 (1904).

In *Heller*, our Supreme Court held that amending the notation that the principal suit was pending in the writ of garnishment to noting that the principal suit was determined was a material change. *Id*. Here, plaintiffs claim that the trial court amended the writs of garnishment to remove the interest that defendants originally claimed. Defendants argue that the removal of interest was not an amendment because the trial court did not require defendants to file amended writs; instead, the trial court merely removed the interest amounts from the writs. Although the trial court did not require defendants to file amended writs, it is clear that the trial court's removal of interest from the writs amended the writs. It is also clear that the removal of interest was not to rectify a clerical error. Instead, the amendment was more akin to the amendment in *Heller*, which materially changed the writ of garnishment. Thus, the trial court erred when it amended the writs to remove the interest amounts.

Plaintiffs next argue that the trial court was without jurisdiction over the garnishment proceedings. Plaintiffs assert that the trial court was without jurisdiction because defendants failed to comply with the jurisdictional requirements of MCR 3.101(D). MCR 3.101(D) states, in pertinent part:

> The clerk of the court that entered the judgment shall review the request. The clerk shall issue a writ of garnishment if the writ appears to be correct, complies with these rules and the Michigan statutes, and if the plaintiff, or someone on the plaintiff's behalf, makes and files a statement verified in the manner provided in MCR 1.109(D)(3) stating:
>
> * * *
>
> (2) the amount of the judgment; the total amount of the postjudgment interest accrued to date; the total amount of the postjudgment costs accrued to date, which may include the costs associated with filing the current writ of garnishment; the total amount of the postjudgment payments made to date, and the amount of the unsatisfied judgment now due (including interest and costs), which may include the costs associated with filing the current writ of garnishment[.] [MCR 3.101(D)(2).]

"[I]f the affidavit, which is the jurisdictional foundation of the action, does not fulfill the statutory requirements, no jurisdiction is acquired by the court, and the proceeding is void." *Webber v Richter*, 217 Mich 561, 564; 187 NW 528 (1922). The requests for writs of garnishment filed by defendants included an amount for postjudgment interest. As more fully discussed in the next section, defendants' inclusion of postjudgment interest was improper because the September 30, 2016 order of judgment was not a qualifying "money judgment" for purposes of MCL 600.6013. Therefore, the requests for writs of garnishment did not comply with "Michigan statutes," as required by MCR 3.101(D). Accordingly, the clerk of the court should not have issued writs of garnishment, and the subsequent garnishment proceedings should not have occurred.

## B. POSTJUDGMENT INTEREST

Defendants argue that the trial court erred when it allowed them to include postjudgment interest in the writs of garnishment only from the date of the trial court's November 15, 2018 opinion and order, instead of from the September 30, 2016 order of judgment. We disagree.

To preserve an issue for appellate review, the issue must be raised, addressed, and decided by the trial court. *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014). In defendants' countermotion for reconsideration, defendants argued that they were entitled to postjudgment interest because this Court only vacated the award of prejudgment interest, not postjudgment interest, and allowing plaintiffs to retain the accrued interest would be an impermissible windfall for plaintiffs. "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Because defendants' issue on cross-appeal was first raised in defendants' countermotion for reconsideration, the issue is not preserved.

Generally, an award of interest under MCL 600.6013 is reviewed de novo. *Farmers Ins Exch v Titan Ins Co*, 251 Mich App 454, 460; 651 NW2d 428 (2002). Michigan follows a "raise or waive" rule of appellate review in civil matters. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Accordingly, "appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually." *Id*. at 388 (citation omitted). Defendants failed to raise the issue before their countermotion for reconsideration that they were entitled to postjudgment interest because this Court only precluded prejudgment interest and because allowing plaintiffs to retain the accrued interest would be a windfall. Therefore, this issue is not preserved for appeal. This Court reviews unpreserved issues for plain error. *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015) (citation omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000), quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). The third requirement "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

MCL 600.6013(1) states, in pertinent part, that "[i]nterest is allowed on a money judgment recovered in a civil action, as provided in this section." "A money judgment in a civil action is a judgment 'that orders the payment of a sum of money, as distinguished from an order directing an act to be done or property to be restored or transferred.' " *Lech v Huntmore Estates Condo Ass'n*, 315 Mich App 288, 291; 890 NW2d 378 (2016), quoting *In re Forfeiture of $176,598*, 465 Mich 382, 386; 633 NW2d 367 (2001). MCL 600.6013 "is remedial in nature and is to be construed liberally in favor of [the judgment creditor]." *Everett v Nickola*, 234 Mich App 632, 638-639; 599 NW2d 732 (1999). "[A]n award of interest is mandatory in all cases to which the statute applies." *Id*. at 639.

On September 30, 2016, the trial court entered an order of judgment, which ordered that Jode Investments, LLC, Mauro, DiMercurio, and Gesuale were each entitled to 25% of $542,500.24, representing the value of BTI's personal property. The order also awarded defendants prejudgment interest from April 28, 2011, the date of defendants' counterclaim. On February 27, 2018, this Court issued an opinion, directing the trial court to "consider the $396,176 loan receivable as an asset of BTI and order that this amount be paid to the members of BTI consistent with this Court's prior instructions." *Jode Investments II*, unpub op at 21. This Court also ordered that the trial court rescind the award of prejudgment interest. *Id*. On March 9, 2018, the trial court entered an order amending the prior judgment to comply with this Court's directives in *Jode Investments II*.

In the trial court's November 15, 2018 opinion and order addressing plaintiffs' motion for reconsideration and defendants' countermotion for reconsideration, the trial court permitted defendants to include postjudgment interest in the writs of garnishment. The trial court determined that this Court's holding in *Jode Investments II* only vacated the award of prejudgment interest, and did not address whether defendants were entitled to postjudgment interest. However, the trial court limited the amount of postjudgment interest, finding that defendants were only entitled to postjudgment interest from the date of the November 15, 2018 opinion and order. The trial court reasoned that defendants had first officially requested postjudgment interest in their countermotion for reconsideration, which was eight months after this Court's opinion in *Jode Investments II*. The

trial court recognized that plaintiffs should not be incentivized to not satisfy the judgment, but commensurately defendants should not be rewarded for delaying their request for postjudgment interest.

Defendants argue that the trial court erred when it allowed defendants to seek postjudgment interest in the writs of garnishment only from November 15, 2018.

Although the September 30, 2016 order directed the payment of money to Jode Investments, Mauro, DiMercurio, and Gesuale, the order was not a "money judgment" for purposes of MCL 600.6013. Just as this Court stated in *Jode Investments II*:

> this Court ordered that the owners of BTI be compensated for the (wrongful) transfer of BTI's property to Club Golf, which would restore defendants' position to where it had been before the transfers took place. *Jode Investments* [*I*], unpub op at 14-15. As a result, the order to compensate defendants here is analogous to the order in *Moore* [*v Carney*, 84 Mich App 399; 269 NW2d 614 (1978)] because both orders compelled that money be paid to restore the respective parties. [*Jode Investments II*, unpub op at 13-14.]

The judgment in this case is the same as the judgment discussed in *Jode Investments II*—money plaintiffs were required to pay to defendants on the basis of the wrongful transfer of BTI's personal property to Club Golf. Thus, this Court has already determined that the judgment at issue is not a "money judgment," and this Court will follow its previous determination regarding defendants' entitlement to interest.

In the trial court, defendants argued that they were entitled to postjudgment interest because this Court only invalidated the trial court's prior award of prejudgment interest, and the issue of postjudgment interest was not before this Court. The trial court accepted defendants' argument, noting that this Court "did not address whether [defendants] are otherwise entitled to post-judgment interest." Defendants and the trial court were correct to the extent that the issue of postjudgment interest was not before this Court because defendants had not sought postjudgment interest at that point in the litigation. However, this Court made its determination on the basis of the nature of the September 30, 2016 order of judgment. Because the nature of the September 30, 2016 order of judgment remains the same, i.e., not a "money judgment" for purposes of MCL 600.6013, the trial court abused its discretion when it allowed defendants to seek postjudgment interest in the writs of garnishment. On remand, the trial court is to vacate the award of postjudgment interest granted in its November 15, 2018 opinion and order.

In an effort to expedite the resolution of this protracted and complicated dispute, we provide the following guidance:

(1) As stated in the trial court's September 30, 2016 opinion and order, page 2, the parties stipulated that the value of BTI's personal property transferred to Club Golf is $542,500.24.

(2) As stated in this Court's February 27, 2018 opinion, pages 16-17, a loan receivable in the amount of $396,176 is also to be considered as BTI's personal property.

(3) Thus, as stated in the trial court's March 9, 2018 order, the total value of BTI's personal property as of the relevant date is $938,676.24.

(4) Accordingly, as stated in the trial court's March 9, 2018 order, page 2, ¶ 2, "Jode Investments, LLC, Simone Mauro, Salvatore DiMercurio and Sergio Gesuale, as 25% members of BTI, are each entitled to 25%" of $938,676.24, the value of BTI's personal property.

(5) As stated in the trial court's July 8, 2016 opinion and order, page 3, the parties stipulated that the value of the tax refund to which BTP was entitled is $105,780.44.

(6) As stated in the trial court's September 30, 2016 opinion and order, page 4, and affirmed by this Court's February 27, 2018 opinion, page 15, the tax refund value must be offset by $59,492.80 – the amount of the 2010 summer taxes which were paid by Jode Investment; thus, the total value of the tax refund is $46,287.64.

(7) Accordingly, as stated in the trial court's September 30, 2016 opinion and order, page 8, ¶ 5, "Jode Investments, LLC, Simone Mauro, Salvatore DiMercurio and Sergio Gesuale, as 25% members of BTP, are each entitled to 25% of $46, 287.64," the value of the tax refund.

(8) As stated in this Court's February 27, 2018 opinion, pages 13-14, and in this Court's present opinion, no statutory interest under MCL 600.6013 is to be awarded because the judgment at issue is not a "money judgment" within the contemplation of the statute.

(9) Accordingly, any future writs of garnishment must by in conformity with this opinion and may not include prejudgment or postjudgment interest.

We vacate the invalid writs of garnishment. On remand, the trial court is to vacate the award of postjudgment interest granted in its November 15, 2018 opinion and order. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-8-