CITIZENS INSURANCE COMPANY OF AMERICA v CLOUSE

Docket No. 103394. Submitted August 10, 1988, at Grand Rapids. Decided March 21, 1989.

Clark Clouse was injured in an accident while a passenger in an automobile driven by Kevin Buehler. At the time of the accident he was insured under a major medical policy issued by American Community Mutual Insurance Company which contained a coordination of benefits provision. While Clark Clouse was not a named insured under any no-fault policy, relatives in the same household in which he lived owned six vehicles; four of those vehicles were insured by Citizens Insurance Company of America, while the other two were insured by Transamerica Insurance Corporation of America. The policies issued by the no-fault insurers provided for coordination of benefits. Clouse sought no-fault benefits for medical costs and work loss occasioned by his injuries. Citizens brought a declaratory judgment action in Kalamazoo Circuit Court, naming as defendants Clouse and the other two insurers and seeking a determination of the liabilities of the respective insurers. Citizens moved for summary disposition. The trial court, John F. Foley, J., granted the motion, holding that American Community was primarily liable for the medical expenses under the health insurance policy it had issued and that Citizens and Transamerica, as no-fault insurers of the same priority, would be apportioned equal liability for no-fault benefits. Transamerica appealed. American Community cross-appealed.

The Court of Appeals *held*:

1. A health insurance carrier is primarily liable for medical expenses for injuries suffered in an automobile accident where the insured has elected to coordinate no-fault benefits with the health insurance, even if the health insurance policy has a coordination of benefits provision.

2. Liability among no-fault insurers of the same order of

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340-369, 432-437.

Apportionment of payments of no-fault (personal injury protection) benefits between insurers providing coverage to same insured under policies covering different vehicles. 34 ALR4th 374.

priority is to be equitably distributed. Such an equitable distribution is best achieved by apportioning liability equally among the insurers, irrespective of the number of automobiles the respective insurers may cover.

Affirmed.

1. INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION BENEFITS — COORDINATION OF BENEFITS.

A health insurance carrier is primarily liable for payment of medical expenses resulting from injuries suffered in an automobile accident where the insured elected to coordinate no-fault personal protection benefits with the health insurance, even if the health insurance policy also contains a coordination of benefits provision.

2. INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION BENEFITS — APPORTIONMENT OF LIABILITY.

No-fault insurers of the same order of priority are to share equally the liability for personal protection benefits irrespective of the number of automobiles the respective insurers may cover (MCL 500.3115[2]; MSA 24.13115[2]).

*Lilly, Domeny & Byrne* (by *Joseph A. Byrne, Jr.*), for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *John D. Pirich* and *Kevin J. Moody*), for American Community Mutual Insurance Company.

*Dilley, Dewey & Damon, P.C.* (by *Jonathan S. Damon*), for Transamerica Insurance Corporation of America.

Before: HOLBROOK, JR., P.J., and MURPHY and C. O. GRATHWOHL,* JJ.

PER CURIAM. Defendant Transamerica Insurance Corporation of America appeals as of right and defendant American Community Mutual Insurance Company cross-appeals from an order of summary disposition in favor of plaintiff Citizens In-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

surance Company of America. The trial court in granting summary disposition ruled that American Community was primarily liable only for Clark Clouse's medical expenses as his health insurer and as between Citizens and Transamerica, two no-fault insurers of equal priority, liability was to be apportioned equally between the two insurers. We affirm.

Defendant Clark Clouse was involved in a motor vehicle accident on August 17, 1986. At the time, Clouse was a passenger in a vehicle driven by Kevin Buehler. Clouse was not a named insured under his own or a relative's no-fault insurance policy, even though he resided with his parents and a sister. Clouse's injuries required that he receive no-fault benefits for medical services and for work loss.

On the date of Clouse's accident, Citizens was the insurer of four vehicles owned by Clouse's parents. Transamerica, also on that date, was the insurer of one vehicle owned by Clouse's mother and of a vehicle owned by Clouse's sister. Clouse sought work loss benefits and medical expenses from both Citizens and Transamerica. American Community insured Clouse under its major medical expense policy. That policy was in effect on the date of Clouse's accident.

Both Citizen's and Transamerica's respective no-fault policies contained clauses providing for excess or coordinated coverage with other health or medical policies. Both American Community and Transamerica denied coverage under their respective policies, thereby necessitating the instant action to determine the priorities between the three insurers.

Citizens moved for summary disposition in April, 1987. The trial court granted Citizens' motion for summary disposition pursuant to MCR

2.116(C)(10). The trial court held that American Community, as Clark Clouse's health insurer, is the primary insurance company from whom Clark Clouse must seek his medical benefits and that American Community shall reimburse the two no-fault carriers for any sums either has paid towards medical expenses on behalf of Clark Clouse. The trial court also held that, to the extent any medical benefit due and owing over and above that which was paid by American Community, such liability, along with all other no-fault liability, was to be shared equally between Citizens and Transamerica. Both American Community and Transamerica appeal as of right from the trial court's granting of summary disposition.

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. Giving the benefit of the doubt to the nonmoving party, the court must determine whether any genuine issue of disputed fact exists. If there is no genuine issue as to any disputed fact and the moving party is entitled to judgment as a matter of law, the motion should be granted. *Eriksen v Fisher,* 166 Mich App 439, 444-445; 421 NW2d 193 (1988).

American Community argues that the trial court erred in holding that American Community is primarily liable for Clouse's medical costs. American Community's argument is based on a provision of their policy with Clouse, the deductible clause, which is, in effect, a coordination-of-benefits provision. Applying that provision in the instant case, American Community argues, leads to the conclusion that the no-fault insurers should be primarily liable for Clouse's medical expenses.

Our Supreme Court faced essentially the same

issue in *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537; 383 NW2d 590 (1986). In *Federal Kemper,* our Supreme Court held that the defendant, as a health insurer, was primarily liable for medical coverage for a motor vehicle accident where the defendant's coordinated benefits clause conflicted with that under the plaintiff's no-fault policy. Because the Legislature required insurers to offer coordinated coverage with other health insurance under no-fault policies, in order to reduce no-fault insurance costs, the no-fault insurer then must be secondarily liable in order to give effect to the Legislature's goal. *Id.,* pp 546, 551-552. Although *Federal Kemper, supra,* involved a group health insurance policy, the rule has been applied to individual insurance policies. *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269; 418 NW2d 455 (1987). Applying *Federal Kemper* in the instant case results in the decision reached by the trial court below, that American Community is primarily liable for medical costs and Citizens and Transamerica are secondarily liable as no-fault insurers. The trial court correctly granted summary disposition on this issue.

Transamerica argues that the trial court erred in holding that Transamerica and Citizens are both equally secondarily liable for Clark Clouse's medical and other expenses. Transamerica argues that the priority between the two no-fault insurers should be determined based on the number of vehicles insured and consequently upon the amount of premium received for each insurer for the particular risk.

Priorities among no-fault insurers are determined by statute. The statutory provision at issue states:

When 2 or more insurers are in the same order of priority to provide personal protection insurance benefits an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among such insurers. [MCL 500.3115(2); MSA 24.13115(2).]

We were unable to find precedent that interprets what the phrase "in order to accomplish equitable distribution of the loss among such insurers" means with regard to how liability is to be divided between two insurers of equal priority. The trial court ruled that the two no-fault insurers share equally the liability, stating that no matter "how many vehicles or persons there are in a family, each insurer insures all in the household no matter how many vehicles or persons are specifically covered in a policy. The risk falls equally on each insurer no matter what the premium is paid."

A panel of this Court in *State Farm Fire & Casualty Co v Citizens Ins Co of America,* 100 Mich App 168; 298 NW2d 651 (1980), based priority between two no-fault insurers, who were otherwise equal in priority, upon the nature of the insurer's risk. *State Farm* was subsequently followed by other panels of this Court in *Allstate Ins Co v Transamerica Ins Co,* 138 Mich App 782; 360 NW2d 925 (1984), and *Johnson v Michigan Educational Employees Mutual Ins Co,* 137 Mich App 205; 357 NW2d 329 (1984). However, our Supreme Court in *DAIIE v Home Ins Co,* 428 Mich 43, 49; 405 NW2d 85 (1987), ruled that the essential focus of the Court of Appeals in the *State Farm* case upon the nature of the insurer's risk was misplaced and our Supreme Court disapproved *State*

*Farm.* Thus, if we were to adopt Transamerica's argument and base priority between two no-fault insurers on the nature of the insurer's risk, we would find ourselves at odds with our own Supreme Court. Thus, we hold that priority between two no-fault insurers which are otherwise equal in priority is not to be determined on the basis of the nature of the risk taken on by the insurer.

The statute, as quoted above, requires that there be an equitable distribution of the loss among insurers. We believe that equitable distribution of the loss among the insurers is best achieved by reference to the number of insurers. This result is consistent with the Legislature's intent that persons and not vehicles be insured against loss. *DAIIE v Home, supra,* p 49. Under the facts of this case, it is an equitable distribution of the loss having both insurers equally liable for costs not covered under Clouse's health insurance with American Community. The trial court's ruling on this point is equitable, fair and correct. We find that the trial court properly granted summary disposition in favor of Citizens.

Affirmed.