HOLLOWAY CONSTRUCTION COMPANY v OAKLAND COUNTY
BOARD OF COUNTY ROAD COMMISSIONERS

Docket No. 99357. Argued October 10, 1995 (Calendar No. 4). Decided
March 1, 1996.

Holloway Construction Company brought an action in the Oakland Circuit Court against the Oakland County Board of Road Commissioners, seeking payment for the resurfacing of three sections of road Holloway had paved, but which had failed. The parties agreed to binding arbitration and that the arbitrators could grant any remedy or relief deemed just or equitable within the scope of the agreement, including fees and expenses. Thereafter, an arbitration panel awarded Holloway $200,000, and assessed fees and expenses, with fifty percent payable by each party. The court, Fred M. Mester, J., entered judgment on the award. The plaintiff moved for imposition of prejudgment interest, but the court ruled that interest began to accrue on the date of the judgment because the award was intended to be the full amount to be paid. The Court of Appeals, DOCTOROFF, P.J., and MURPHY and FITZGERALD, JJ., peremptorily reversed in an unpublished order, holding that prejudgment interest is statutorily required under *Old Orchard by the Bay Associates v Hamilton Mut Ins Co,* 434 Mich 244 (1990) (Docket No. 150718). The defendant appeals.

In a unanimous opinion by Justice CAVANAGH, the Supreme Court *held:*

Preaward, prejudgment interest on an arbitration award is not statutorily required where arbitrators do not award it as part of the prevailing party's compensation. Unless the parties explicitly agree otherwise, preaward damage claims including interest are considered to have been submitted to arbitration for resolution.

1. MCL 600.6013; MSA 27A.6013 and MCL 438.7; MSA 19.4 provide for prejudgment interest where arbitration awards are involved. *Old Orchard* addressed the compatibility of the statutes, and held that where the parties to a contract dispute do not have an agreement to arbitrate before filing suit and do not later stipulate to an interest entitlement or rate in the language of the arbitration agreement, statutory interest may be awarded on the judgment from the date of the filing of the

complaint until the judgment is entered, and thereafter until the judgment is paid. *Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488 (1991), noted that arbitrators do not exceed the scope of their authority by including an interest amount in their award, absent a provision expressly precluding authority to award interest as an element of damages, and that the important purposes underlying arbitration are better served by considering, in the absence of an explicit agreement to the contrary, preaward damage claims, including interest, to have been submitted to arbitration.

2. In this case it cannot be said, with positive assurance, that the arbitration agreement is not susceptible of an interpretation that would give arbitrators the authority to decide whether preaward interest should be awarded. Consistent with *Sel-Way,* the arbitrators did not exceed the scope of their authority when determining whether they should grant an award of interest to the prevailing party. Because preaward damage claims are considered to have been submitted to arbitration, their silence on the interest claim is deemed to be a decision not to award interest.

3. Mandating interest could result in plaintiffs being overcompensated, contrary to legislative intent. Mandating an interest award that accrued at filing would give plaintiffs an incentive to litigate. If a court were required to award interest when the arbitrators have decided that interest should not be awarded, it would violate the essence of arbitration as a contract remedy. Rather, the decision whether to award preaward, prejudgment interest is a decision to be made solely by the arbitrators.

Reversed and remanded.

*Hyman & Lippitt, P.C.* (by *J. Leonard Hyman, Paul J. Fischer,* and *Roger L. Myers*), for the plaintiff.

*Sills, Law, Essad, Fiedler & Charboneau, P.C.* (by *John D. Sills* and *Thomas R. Charboneau, Jr.*), for the defendant.

CAVANAGH, J. The issue presented in this case is whether prejudgment interest on an arbitration award is statutorily required from the time the complaint was filed, when the parties later stipu-

lated to resolve their dispute by binding arbitration, and where the arbitrators did not award interest.

### I. FACTS AND PROCEDURAL HISTORY

This appeal arises out of a construction contract dispute between a general contractor, plaintiff Holloway Construction Company, and defendant Board of County Road Commissioners of the County of Oakland. The parties entered into a contract in which Holloway agreed to resurface three sections of road in Oakland County with a rubberized asphalt material known by the trade name "Plus Ride." The road commission was extremely dissatisfied with the Plus Ride surfaces, which completely failed within a matter of days, necessitating extraordinary repairs. After Holloway refused to repair the Plus Ride surfaces, the road commission removed and replaced them with conventional asphalt. The road commission refused to pay for the work done by Holloway, and subsequently Holloway sued the road commission in the Oakland Circuit Court.

Approximately two and a half years later, after resolving all other claims, the parties agreed to submit the Plus Ride claims to binding arbitration. As part of a release and settlement agreement, the parties stipulated that there be a dismissal of the circuit court action, with prejudice and without costs. The order stated that the court would retain jurisdiction "only insofar as is necessary, in order to enforce and effectuate the Arbitration Agreement or to render judgment on the Arbitration award, pursuant to the Uniform Arbitration Act."

The arbitration agreement provided that the arbitrators, within their discretion, could grant any remedy or relief that they deemed just and

equitable and within the scope of the agreement of the parties, including arbitration fees and expenses against either party. The arbitration agreement further provided that each party's claims included statutory litigation costs and attorney fees. However, "interest" was not explicitly addressed.

On November 21, 1991, the arbitration panel awarded Holloway $200,000. The award also included an assessment of $3,400 in fees and expenses, with fifty percent payable by each party. On December 19, 1991, the trial court entered judgment on the arbitration award. The judgment did not address interest.

Holloway's counsel sent a letter to the road commission's counsel dated January 20, 1992, stating "[a]lso, the $200,000 is to accrue interest." The road commission did not pay the $200,000 award until January 27, 1992, when it also paid $1,582.20, which represented interest for the time period between December 19, 1991, the date judgment was entered, and January 27, 1992, the date of payment.

Holloway moved for imposition of prejudgment interest. Instead, the trial judge ruled from the bench that interest began to accrue on the date of the judgment. The court stated that "this Court is satisfied that unlike in *Old Orchard [by the Bay Associates v Hamilton Mut Ins Co,* 434 Mich 244; 454 NW2d 73 (1990)], the arbitration award in this matter did not include an award of interest to the Plaintiff. Thus, the $200,000 plus fees and expenses mentioned in the award, was intended to be the full extent of the amount to be paid by the Defendant to the Plaintiff."

The trial court's ruling was incorporated into a March 17, 1992, order. Holloway filed a claim of appeal, and the Court of Appeals peremptorily

reversed.[1] The Court of Appeals held that prejudgment interest is statutorily required under *Old Orchard.* The road commission then sought leave to appeal. We granted leave, limited to the issue whether prejudgment interest on the arbitration award is statutorily required.[2]

We reverse the decision of the Court of Appeals and remand to the circuit court for a modification of its judgment consistent with this opinion. We hold that unless the parties explicitly agree otherwise, preaward damage claims including interest are considered to have been submitted to arbitration for resolution. *Old Orchard, supra* at 267-270 (LEVIN, J., concurring); *Sansone v Metropolitan Property & Liability Ins Co,* 30 Mass App 660, 663; 572 NE2d 588 (1991). Thus, preaward, prejudgment interest on an arbitration award is not statutorily required when arbitrators do not award it as part of the prevailing party's compensation.

## II. *OLD ORCHARD* AND *SEL-WAY*

Recently, we have addressed the applicability of two interest statutes that provide for prejudgment interest when arbitration awards are involved: MCL 600.6013; MSA 27A.6013[3] and MCL 438.7;

---

[1] Unpublished order, entered March 28, 1994 (Docket No. 150718).

[2] 448 Mich 852 (1995).

[3] MCL 600.6013; MSA 27A.6013 provides:

> (1) Interest shall be allowed on a money judgment recovered in a *civil action,* as provided in this section. . . .
>
> * * *
>
> (6) [F]or complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action shall be calculated . . . from the date of *filing the complaint* . . . . [Emphasis added.]

MSA 19.4.[4] Our decisions in *Old Orchard* and *Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488; 475 NW2d 704 (1991), are relevant to the issue before us.

### A. *OLD ORCHARD*

*Old Orchard* addressed the compatibility of the two interest statutes. In that case, Old Orchard sued the defendant in circuit court, alleging that the defendant was liable under a surety bond. Following discovery and mediation, the parties voluntarily submitted their entire dispute to arbitration. The arbitration panel entered an award for the plaintiff and expressly included interest that accrued on the date of the filing of the circuit court complaint at the statutory judgment rate as provided in § 6013. The circuit court confirmed the interest award, but the Court of Appeals reversed, holding that MCL 438.7; MSA 19.4 should have been applied, which allows prejudgment interest only from the date of the arbitration award.

In *Old Orchard,* we reversed the Court of Appeals and held that

(1) where the parties to a contract dispute have no agreement to arbitrate, and (2) do not later stipulate to an interest entitlement or rate (assuming

---

[4] MCL 438.7; MSA 19.4 provides:

In all actions founded on contracts express or implied, whenever in the execution thereof any amount in money shall be liquidated or ascertained in favor of either party, by . . . *award of arbitrators,* . . . it shall be lawful, unless such . . . award . . . shall be set aside, to allow and receive interest upon such amount so ascertained or liquidated, until payment thereof, or until judgment shall be thereupon rendered; and in making up and recording such judgment, the interest on such amount shall be added thereto, and included in the judgment. [Emphasis added.]

the original action is not dismissed), (3)(a) statutory interest is awardable on the judgment from the date of the filing of the complaint until the judgment is entered, and (b) such interest is also awardable thereafter until the judgment is paid, as provided in MCL 600.6013; MSA 27A.6013. [*Id.* at 249.]

We noted that the rationale for awarding statutory interest under § 6013 is primarily to compensate the prevailing party for loss of the use of the funds awarded as a money judgment, as well as to offset the costs of bringing an action and to provide an incentive for prompt settlement. *Id.* at 252-253.

### B. *SEL-WAY*

A year and a half after *Old Orchard* was decided, we decided *Sel-Way,* which addressed the applicability of the two interest statutes in a civil action to enforce an arbitration award, where the parties had an existing, precomplaint arbitration agreement. There, Sel-Way filed a complaint to confirm an arbitration award and reduce it to judgment. The circuit court deleted the common-law interest awarded by the panel, but instead awarded prejudgment and postjudgment interest under MCL 438.7; MSA 19.4. The Court of Appeals affirmed.

In *Sel-Way,* we noted that the parties' arbitration agreement provided: "The arbitrator may grant any remedy or relief which is just and equitable and within the terms of the agreement of the parties." We stated that "absent a provision expressly precluding authority to award interest as an element of damages, we find that the arbitrators did not exceed the scope of their authority

by including an interest amount in their award."
*Id.* at 498. In a unanimous opinion, we held:

> [U]nder these facts, the arbitrators had author-
> ity to include interest as a part of their award, and
> thus it was improper for the trial court to delete
> the interest portion of the arbitration award . . . .
> [*Id.* at 490.][5]

Also, in *Sel-Way,* we stated:

> It is our belief that the important purposes
> underlying arbitration are "better served by con-
> sidering, in the absence of an explicit agreement
> to the contrary, pre-award damage claims, includ-
> ing interest, to have been submitted to arbitra-
> tion." [*Id.* at 499, quoting *Sansone, supra* at 663.]

### III. ARBITRATION AS A CONTRACT REMEDY

In the instant case, Holloway argues that *Old
Orchard* controls and that it is entitled to an
award of prejudgment interest on the arbitration
award pursuant to § 6013 from the time of the
filing of the circuit court complaint. We disagree.

When *Old Orchard* was decided, Justices LEVIN
and GRIFFIN each wrote separate concurring opin-
ions. They believed that we should not, at that
time, decide a case where arbitrators do not in-

---

[5] After upholding the arbitrators' award of common-law interest as
an element of damages, the Court discussed the applicability of
interest statutes in the event that the prevailing party filed a civil
action to confirm the arbitration award. We held:

> MCL 438.7; MSA 19.4 governs the award of interest from the
> date an arbitration award is rendered until the earlier of either
> payment or the date a complaint is filed to confirm the award
> and reduce it to judgment. MCL 600.6013; MSA 27A.6013
> governs the award of interest from the date the complaint is
> filed until the date judgment is satisfied. [*Id.* at 511.]

clude or provide for interest as part of the award. We are now called upon to answer whether prejudgment interest is statutorily required in such a factual situation.

We are now persuaded that Justice LEVIN's concurrence in *Old Orchard* is the proper analysis of this question. To the extent that this analysis departs from that employed in *Old Orchard, Old Orchard* is disavowed.[6]

In *United Steelworkers of America v Warrior & Gulf Navigation Co,* 363 US 574, 582-583; 80 S Ct 1347; 4 L Ed 2d 1409 (1960), the United States Supreme Court held that arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Old Orchard, supra* at 268 (LEVIN, J., concurring). We agree with Justice LEVIN that

> [w]hile the question of contract interpretation presented in the instant case does not concern arbitrability, but rather whether awarding interest was within the scope of powers conferred on the arbitrators, the question whether it was within their powers to award or deny interest is nevertheless, because it concerns contract interpretation, confided to the arbitrators unless it can be said with "positive assurance" that the submission to arbitration is "not susceptible of an interpretation" that would permit the arbitrators to decide whether to award interest. [*Id.* at 269.]

Similar to *Old Orchard,* we cannot say in the instant case, with positive assurance, that the arbitration agreement is not susceptible of an interpretation that would give arbitrators the au-

---

[6] It is important to recognize, however, that in both *Old Orchard* and the instant case, the arbitrators' decision whether to award preaward interest has been respected.

thority to decide whether preaward interest should be awarded. *Id.* at 269-270. Thus, we agree with Justice LEVIN:

> This Court should not, therefore, impose its interpretation and declare that, because the parties did not specifically agree on the matter of interest, it would be beyond the power of the arbitrators to decline to award interest pursuant to § 6013. The question whether interest should be awarded pursuant to § 6013 is one for the arbitrators, and not this Court, to decide. [*Id.* at 270.]

Further, we note that here the arbitration agreement included a clause almost identical to the clause in *Sel-Way*, and provided that "the Arbitrators may grant any remedy or relief that the Arbitrators deem just and equitable and within the scope of the agreement of the parties." Consistent with *Sel-Way*, we find that the arbitrators in this case did not exceed the scope of their authority when determining whether they should grant an award of interest to the prevailing party. Additionally, because preaward damage claims are considered to have been submitted to arbitration, their silence on the interest claim is deemed to be a decision not to award interest.

### IV. POLICY CONSIDERATIONS

Public policy considerations support the decision we make here today. First, mandating interest could result in plaintiffs being overcompensated, contrary to legislative intent. Here, Holloway argues that even if the arbitrators award interest as damages, the court must still award prejudgment interest under § 6013. In *Old Orchard*, we recognized that applying both prejudgment interest statutes at the same time would result in double

recovery to the plaintiff. We stated that to allow double recovery "is surely inconsistent with any rational view of legislative intent." *Id.* at 258. Although in this case we are not discussing the same double recovery, it would be double recovery nonetheless, and therefore should be avoided.

Second, mandating an interest award that accrued at filing would give plaintiffs an incentive to litigate. An attorney would be strongly encouraged to advise a client to file suit, rather than resolve the dispute through arbitration, even if the client preferred to resolve the dispute through arbitration. The incentive would be strong to file a complaint as early as possible in order to secure preaward, prejudgment interest.

Finally, if a court were required to award interest, when the arbitrators have decided that interest should not be awarded, it would violate the essence of arbitration as a contract remedy. The decision whether to award preaward, prejudgment interest is a decision to be made solely by the arbitrators.

### V. CONCLUSION

The decision whether to award preaward, prejudgment interest as an element of damages is reserved as a matter of the arbitrator's discretion. Because preaward damage claims including interest are deemed, in the absence of a contrary agreement, to have been submitted to arbitration, and the arbitrators here did not award interest, we will not step in and mandate interest for the preaward period. However, consistent with *Old Orchard,* postaward, prejudgment interest and postjudgment interest under § 6013 are statutorily required.

We reverse the decision of the Court of Appeals

and remand to the circuit court for a modification of its judgment consistent with this opinion.

BRICKLEY, C.J., and LEVIN, BOYLE, RILEY, MALLETT, and WEAVER, JJ., concurred with CAVANAGH, J.