Per Curiam.
 

 Defendant appeals as of right a circuit court order granting summary disposition pursuant to MCR 2.116(C)(10) and entering judgment in the amount of $44,999.49 in favor of plaintiff. We affirm.
 

 This case, which is before us for a second time, arises out of defendant’s representation of plaintiff in
 
 *634
 
 a personal injury lawsuit. Plaintiff signed a fee agreement authorizing defendant to receive one-third of any recovery awarded to plaintiff. Defendant was successful in negotiating a settlement for plaintiff in the personal injury and no-fault insurance claims, resulting in an award for plaintiff in the amount of $297,755.36, after costs and fees were deducted. In accordance with the fee agreement, defendant received $99,251.78.
 

 Before the settlement, plaintiffs insurance company asserted a subrogation lien on the recovery in the amount of $90,000, which amount was placed into an escrow account pending resolution of the dispute. Defendant represented plaintiffs interests in the potential subrogation claim, and was ultimately successful in persuading the insurance company to remove the lien. Defendant claimed entitlement to $20,000
 
 [1]
 
 of the escrowed funds as an attorney fee for representing plaintiffs interests in the subrogation claim. Plaintiff objected to the fee, and defendant placed the disputed $20,000 in a client trust account pending resolution of the dispute.
 

 Plaintiff subsequently filed suit, alleging that defendant breached the contract for legal representation by requesting that plaintiff pay fees in excess of that agreed upon in the contract. The trial court initially granted summary disposition in favor of defendant on the basis of its conclusion that defendant was entitled, pursuant to the fee agreement, to one-third of the net recovery for services rendered in connec
 
 *635
 
 tion with the subrogation claim. On appeal, this Court peremptorily reversed the trial court’s ruling and remanded for a determination whether the facts were sufficiently undisputed to warrant summary disposition in favor of plaintiff.
 
 [2]
 

 Everett v Nickola,
 
 unpublished order of the Court of Appeals, entered February 27, 1996 (Docket No. 177932).
 
 [3]
 

 On remand, the trial court determined that defendant was not entitled to additional fees and, consequently, granted summary disposition and entered judgment in favor of plaintiff.
 

 On appeal, defendant argues that the trial court erred in finding that he was not entitled to an attorney fee equal to one-third of the amount claimed by the insurance carrier in the subrogation matter. We disagree. The law of the case doctrine provides that “if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same.”
 
 City of Kalamazoo v Dep’t of Corrections (After Remand),
 
 229 Mich App 132, 135; 580 NW2d 475 (1998). Likewise, a trial court may not take any action on remand that is inconsistent with the judgment of the appellate court.
 
 Id.
 
 Thus, as a general rule, a ruling on a legal question in the first appeal is binding on all lower tribunals and in subsequent appeals.
 
 Id.
 

 
 *636
 
 In the first appeal of this case, a panel of this Court held:
 

 The original retainer agreement, pursuant to which defendant accepted employment as attorney for Sherrie Everett, in accordance with then GCR 1963, 928.1-.3, fixed defendant’s fee for a personal injury representation at the legal maximum of one-third of the net recovery. The agreement did not purport to limit the services defendant was to provide in conjunction therewith, but in any case defendant was obligated to provide all services relevant, useful, or necessary to effectuate the goal of the representation. That scope of service includes not only pursuing claims against possible tortfeasors, but protecting plaintiff’s share of any recovery from such tortfeasors against other claimants.
 
 Cavanaugh v Robinson,
 
 138 Mich 554, 560 [101 NW 824] (1904);
 
 Hoffman v Burkhammer,
 
 373 Mich 187, 196 [128 NW2d 503] (1964). Indeed, even if defendant’s services in conjunction with preserving plaintiff’s share of the escrowed portion of the recovery were deemed to amount to a new representation, no contractual authority for doing so at plaintiff’s expense exists, and that the matter turned out to plaintiff’s advantage is not enough to entitle defendant to additional compensation.
 
 Cavanaugh v Robinson, supra,
 
 138 Mich at 561. The language of the retainer agreement could only indicate to a layperson such as plaintiff that defendant would represent her as necessary until the matter was finally settled.
 
 Hoffman v Burkhammer, supra.
 
 The April 7, 1987 document is merely an acknowledgement by plaintiff that, if the claimed subrogation rights proved to be valid, such claim would have to be paid out of her share of the original recovery. In any event, any agreement to modify a contract between attorney and client to the benefit of the attorney is subject to strict scrutiny,
 
 Rippey v Wilson,
 
 280 Mich 233 [273 NW 552] (1937), and here defendant could not, by amendment, change the contract to provide for a greater fee, since the fee being charged was already the maximum legally allowed.
 

 
 *637
 
 On remand, the trial court ruled that there were no facts in dispute that would preclude summary disposition in favor of plaintiff and that, in light of this Court’s reasoning in its order of remand, defendant was not entitled to additional compensation for handling the subrogation claim. The trial court properly followed the law of the case established in plaintiff’s first appeal,
 
 Kalamazoo, supra,
 
 in holding that the contract between plaintiff and defendant required defendant to not only pursue claims against possible tortfeasors but also to protect plaintiff’s share of the recovery from other claimants.
 

 Defendant argues, nonetheless, that he is entitled to recover fees under quantum meruit. However, an equitable remedy is neither necessary nor appropriate where a resolution under the law is available. The parties entered into a valid and enforceable fee agreement at the time the representation commenced; hence, the terms and conditions contained therein govern the parties’ relationship. We have already determined that the fee agreement clearly entitles defendant to one-third of plaintiff’s net recovery and does not authorize additional compensation to defendant. The fact that plaintiff ultimately benefited from defendant’s services does not mean that she is required to compensate him in the absence of an express agreement.
 
 Cavanaugh, supra
 
 at 560-561. Therefore, defendant received all the attorney fees to which he was entitled under the contract.
 

 For these reasons, and because we are convinced that there are no disputed factual issues warranting a trial on the merits in this case, we hold that the trial court properly granted summary disposition in favor of plaintiff.
 

 
 *638
 
 Next, defendant contends that the trial court improperly awarded prejudgment interest to plaintiff because MCL 600.6013; MSA 27A.6013, the statute on which the court relied, is not applicable to this case because there was no written agreement on which the judgment was based. This Court reviews de novo an award of interest pursuant to MCL 600.6013; MSA 27A.6013.
 
 Beach v State Farm Mut Automobile Ins Co,
 
 216 Mich App 612, 623-624; 550 NW2d 580 (1996).
 

 MCL 600.6013; MSA 27A.6013 provides in pertinent part:
 

 (5) For complaints filed on or after January 1, 1987, if a judgment is rendered on a written instrument, interest shall be calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually, unless the instrument has a higher rate of interest. In that case interest shall be calculated at the rate specified in the instrument if the rate was legal at the time the instrument was executed. The rate shall not exceed 13% per year compounded annually after the date the judgment is entered.
 

 When construing a statute, the primary goal is to ascertain and give effect to the legislative intent.
 
 Institute in Basic Life Principles, Inc v Watersmeet Twp (After Remand),
 
 217 Mich App 7, 12; 551 NW2d 199 (1996). The purpose of the statutory provision permitting interest to accrue on money judgments from the time the complaint is filed is to compensate the prevailing party for expenses incurred in bringing the suit and for any delay in receiving such damages.
 
 Holloway Constr Co v Oakland Co Bd of Co Rd Comm’rs,
 
 450 Mich 608, 614; 543 NW2d 923 (1996);
 
 Hadfield v Oakland Co Drain Comm’r,
 
 218 Mich App 351; 554 NW2d 43 (1996). The provision is remedial
 
 *639
 
 in nature and is to be construed liberally in favor of plaintiff.
 
 Phinney v Perlmutter,
 
 222 Mich App 513; 564 NW2d 532 (1997). Moreover, an award of interest is mandatory in all cases to which the statute applies.
 
 Saber v Saber,
 
 146 Mich App 108, 110; 379 NW2d 478 (1985).
 

 In light of our conclusion that the dispute over attorney fees arising out of the subrogation claim was resolved by reference to the written fee agreement entered into between the parties, we reject defendant’s argument that subsection 6013(5) is inapplicable. All fees paid to defendant were pursuant to the signed document titled “Authority to Represent.” Therefore, there is no question that a written instrument existed and governed the parties’ relationship with respect to fees. Accordingly, the foregoing statute is applicable to this case, and there is an adequate basis on which to award plaintiff interest on the money held in escrow. See
 
 Yaldo v North Pointe Ins Co,
 
 217 Mich App 617; 552 NW2d 657 (1996). Moreover, because the written fee agreement did not specify an interest rate applicable to instances such as this, plaintiff is entitled to prejudgment interest at the rate of twelve percent pursuant to the mandatory provision in MCL 600.6013(5); MSA 27A.6013(5).
 
 [4]
 

 Affirmed.
 

 [1]
 

 Defendant claimed entitlement to only $20,000 of the $90,000 on which the insurance company placed the lien because he had already received an attorney fee of $30,000 for obtaining the $90,000 in the personal injury lawsuit.
 

 [2]
 

 Defendant’s application for leave to appeal to the Supreme Court was denied.
 
 Everett v Nickola,
 
 454 Mich 856 (1997).
 

 [3]
 

 Judges Mackenzie, M. J. Kelly, and R. J. Danhof issued the February 27, 1996, order.
 

 [4]
 

 We are not persuaded by defendant’s argument that plaintiff should not receive interest on the funds because plaintiff suggested that the money be deposited into a client trust account. The letter introduced by defendant indicates only that plaintiff agreed to place the disputed amount into escrow. No reference is made to a specific account or to an agreement to forgo the right to earn interest on the escrowed funds.