FARMERS INSURANCE EXCHANGE v TITAN INSURANCE COMPANY

Docket No. 225349. Submitted February 7, 2002, at Grand Rapids. Decided May 24, 2002, at 9:00 A.M. Leave to appeal sought.

Farmers Insurance Exchange brought a third-party action against Titan Insurance Company after Farmers was sued in the Van Buren Circuit Court by a person seeking no-fault personal protection insurance benefits. The court, Paul E. Hamre, J., determined that the insurers were equal in priority of liability and granted Farmers a judgment against Titan for $491,302.43 (one-half of the amount of benefits Farmers paid to the claimant) plus twelve percent prejudgment interest pursuant to MCL 600.6013(5). Titan appealed, claiming error in the award of prejudgment interest and error in the ordered reimbursement in light of the fact that the Michigan Catastrophic Claims Association (MCCA) had reimbursed Farmers for benefits paid above $250,000.

The Court of Appeals *held*:

1. The trial court made no error in allowing Farmers to recover from Titan. Under the MCCA Plan of Operation, which binds both Farmers and Titan, an insurer that has paid personal protection insurance benefits can recoup part of the money paid from another insurer in equal priority even if the MCCA already has reimbursed the initial insurer. The plan places a duty on the initial insurer to surrender to the MCCA any money it recovers that represents funds for which the MCCA already has reimbursed it, less any amount the MCCA board permits it to retain for costs and fees incurred in obtaining the recovery.

2. Prejudgment interest is properly awardable in this case pursuant to MCL 600.6013(6), not MCL 600.6013(5), because the judgment was based on Titan's liability under MCL 500.3115(2), not on a written instrument.

Affirmed in part, vacated in part, and remanded.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — MICHIGAN CATA-STROPHIC CLAIMS ASSOCIATION — INSURERS OF EQUAL PRIORITY IN LIABILITY.

A no-fault insurer that has paid personal protection insurance benefits to a claimant and has been partially reimbursed by the Michigan Catastrophic Claims Association may seek partial recoupment of

the amount of benefits paid to the claimant from another insurer that is its equal in priority of liability, but must surrender to the association any money recovered that represents funds for which the association already has reimbursed the initial insurer, less any amount the association board permits it to retain for costs and fees incurred in obtaining the recovery (MCL 500.3115[2], 500.3104[10][h]).

*Wheeler Upham, P.C.* (by *Gary A. Maximiuk* and *Jack L. Hoffman*), for Farmers Insurance Exchange.

*Sukup & Grimm, P.C.* (by *Joseph Sukup*), for Titan Insurance Company.

Before: GRIFFIN, P.J., and HOLBROOK, JR., and HOEKSTRA, JJ.

PER CURIAM. Originating as a no-fault insurance action arising from an automobile accident in August 1995, this case now concerns only third-party proceedings involving two insurance companies. Third-party defendant Titan Insurance Company appeals as of right from the trial court's order awarding third-party plaintiff Farmers Insurance Exchange "$491,302.42 by way of reimbursement from a no-fault insurer found to be equal in priority" plus twelve percent prejudgment interest pursuant to MCL 600.6013(5).[1] Titan does not contest on appeal the trial court's rulings that Titan and Farmers are in equal priority and that Titan must pay half of future no-fault benefits due to the insured. On cross appeal, Farmers asserts that if this Court reverses the award

---

[1] The $491,302.42 amount awarded represents half, albeit imprecise by approximately $1, of the total $982,602.85 that Farmers had paid in no-fault benefits on the insured's claim. The order specified the amount of prejudgment interest as $207,565.42 from the date of filing the third-party complaint until January 18, 2000, and that interest was to be calculated thereafter pursuant to MCL 600.6013(5).

of interest, it should "revisit" the trial court's failure to award administrative expenses to Farmers. We affirm in part, vacate in part, and remand to the trial court.

On appeal, Titan challenges the trial court's rulings that it must pay Farmers for no-fault benefits, for which the Michigan Catastrophic Claims Association (MCCA) already reimbursed Farmers, and pay prejudgment interest. According to Titan, these rulings result in Farmers receiving a double recovery of the payments previously reimbursed and a windfall of the interest amount. Titan claims instead that the MCCA is the appropriate recipient of $250,000 from Titan because Farmers cannot aggregate its loss with Titan to reach the $250,000 threshold for catastrophic claims.[2] We disagree. Resolution of Titan's claims on appeal requires statutory interpretation, which is a question of law that we review de novo. *Liberty Mut Ins Co v Michigan Catastrophic Claims Ass'n*, 248 Mich App 35, 40; 638 NW2d 155 (2001).

To begin, we note that the no-fault act, MCL 500.3101 *et seq.*, requires insurers to pay or reimburse their insured's lifetime medical expenses—"[t]here is no dollar limit on the insurer's liability for medical, hospital, and rehabilitation benefits under the statute." *League Gen Ins Co v Michigan Catastrophic Claims Ass'n*, 435 Mich 338, 340; 458 NW2d 632 (1990). To alleviate some of the effect that large claims arising from severe injuries may have on insur-

---

[2] *Transamerica Ins Group v Michigan Catastrophic Claims Ass'n*, 202 Mich App 514, 517-518; 509 NW2d 540 (1993) (MCL 500.3104[2] clearly provides that *each* member of the MCCA will receive indemnification only after *it* has sustained a loss is excess of $250,000 for a single loss occurrence).

ance companies, our Legislature created the MCCA. *Id.*; *Liberty Ins, supra.* In relevant part, MCL 500.3104 provides:

> (1) An unincorporated, nonprofit association to be known as the catastrophic claims association [the MCCA], hereinafter referred to as the association, is created. Each insurer engaged in writing insurance coverages which provide the security required by section 3101(1) [MCL 500.3101(1)] within this state, as a condition of its authority to transact insurance in this state, *shall be a member of the association and shall be bound by the plan of operation of the association. . . .*
>
> (2) The association shall provide and each member shall accept indemnification for 100% of the amount of ultimate loss sustained under personal protection insurance coverages in excess of $250,000.00 in each loss occurrence. As used in this section, "ultimate loss" means the actual loss amounts which a member is obligated to pay and which are paid or payable by the member, and shall not include claim expenses. [Emphasis supplied.]

In addition, the statute provides that the board of the association in conjunction with the commissioner shall establish a plan of operation in order to set out the rules and procedures for running the association. MCL 500.3104(17). Further, "each insurer authorized to write insurance providing the security required by section 3101(1) in this state . . . shall be bound by and shall formally subscribe to and participate in the plan approved as a condition of maintaining its authority to transact insurance in this state." MCL 500.3104(20).

Another statutory provision, MCL 500.3115, addresses the distribution of loss among personal protection insurers. With regard to recoupment, MCL 500.3115(2) provides:

> When 2 or more insurers are in the same order of priority to provide personal protection insurance benefits an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among such insurers.

The law allows one insurer that has paid out benefits to recoup half of the benefits paid, where it is determined that another insurer is in equal priority. See *Citizens Ins Co of America v Clouse*, 176 Mich App 138, 143-144; 439 NW2d 304 (1989).

Here, Titan's position requires us to examine MCL 500.3115(2) in combination with MCL 500.3104. The undisputed facts of this case indicate that Farmers already paid out almost $1 million to or for the benefit of the insured, and that subsequently the MCCA reimbursed Farmers for the amount exceeding $250,000. Thus, Titan claims that if it is required to pay Farmers, then Farmers will receive more than the half of the benefits paid to which it is entitled under MCL 500.3115(2). Although Farmers claims that the money, less the interest amount, would be turned over to the MCCA, Titan points out that there is no indication from the MCCA or from the wording of the judgment that that would be the case.

However, the Legislature directed that a plan be developed that covers specific topics and provides for "[a]ny other matter required by or necessary to effectively implement this section [MCL 500.3104]." MCL 500.3104(10)(h). Because both Titan and Farmers are "bound by" and must "subscribe to and participate in the plan," MCL 500.3104(20), we believe that reliance

on the language of the plan is appropriate in this situation.

> Whenever a member recovers from a third-party an amount for which it has already been reimbursed by the Association, the member shall promptly turn such recovered monies over to the Association to the extent of any reimbursement theretofore received, provided that the Board may permit a member to retain therefrom such amount as the Board deems reasonable and necessary attorney fees and litigation costs incurred in connection with obtaining the recovery from the third party. [Michigan Catastrophic Claims Association Plan of Operation, Article X, § 10.06.]

The plan demonstrates that despite the lack of explicit direction from the Legislature with regard to the circumstances in the present case, the MCCA board anticipated such circumstances occurring and provided an answer. Under these circumstances, we believe that the MCCA plan of operation should be read in combination with the Legislature's intent of a pro-rata distribution of expenses for insurers in equal priority. MCL 500.3115(2). Accordingly, when an insurer pays out benefits, it can recoup part of the money paid from another insurer in equal priority, even if the MCCA already has reimbursed the initial insurer.[3] Under the plan, it is clearly the initial insurer's duty to surrender to the MCCA any money it recovered that represented funds for which the MCCA already had reimbursed it, less any amount the board permits it to retain for costs and fees incurred in obtaining the recovery. Accordingly, the trial court made no error in allowing Farmers to recover from Titan.

---

[3] See MCL 600.2041 (real party in interest statute); *Michigan Boiler & Sheet Iron Works v Dressler*, 286 Mich 502, 509-510; 282 NW 222 (1938).

We turn now to the question of prejudgment interest. Titan argues that the trial court erred in finding that Titan must pay Farmers prejudgment interest on the benefits that the MCCA already has reimbursed because payment of interest would be a windfall to Farmers. We disagree. We review de novo an award of interest pursuant to MCL 600.6013. *Everett v Nickola*, 234 Mich App 632, 638; 599 NW2d 732 (1999).

In relevant part, MCL 600.6013(1) provides that "[i]nterest shall be allowed on a money judgment recovered in a civil action, as provided in this section." The purpose of this statute is to compensate the prevailing party for loss of use of the funds awarded as a money judgment and to offset the costs of litigation. *Holloway Constr Co v Oakland Co Bd of Co Rd Comm'rs*, 450 Mich 608, 614; 543 NW2d 923 (1996); *Everett, supra.* "[A]n award of interest is mandatory in all cases to which the statute applies." *Everett, supra* at 639.

Here, the trial court awarded interest pursuant to MCL 600.6013(5), which concerns judgments rendered on a written instrument. Although the trial court properly awarded interest, we believe that the calculation of the interest should have been according to MCL 600.6013(6) rather than MCL 600.6013(5). We believe that the judgment here was not based on the "written instrument," i.e., the insurance policy; rather, it was based on Titan's liability under MCL 500.3115(2) as an insurer in equal priority, and thus the calculation of the interest due should have been undertaken according to MCL 600.6013(6).

Because we have found proper the award of prejudgment interest, albeit under a different statutory subsection, we need not address Farmers cross

appeal that asserted that it was to be addressed only in the event that this Court vacated the award of interest.[4]

Affirmed in part, vacated in part, and remanded to the trial court for further action consistent with this opinion. We do not retain jurisdiction.

---

[4] During oral argument, Farmers stated that recalculation of interest on a different basis than that provided by the trial court would not necessitate addressing its cross appeal.