*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

CENTRIA HOME REHABILITATION, LLC, doing business as CENTRIA HOME REHAB,

Plaintiff-Appellant,

v

ALLSTATE INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
November 18, 2024
10:52 AM

No. 365313
Wayne Circuit Court
LC No. 20-012468-NF

---

CENTRIA HOME REHABILITATION, LLC, doing business as CENTRIA HOME REHAB,

Plaintiff-Appellee,

v

ALLSTATE INSURANCE COMPANY,

Defendant-Appellant.

No. 365338
Wayne Circuit Court
LC No. 20-012468-NF

---

Before: K. F. KELLY, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

This case concerns the rate of attendant-care fees to which plaintiff Centria Home Rehabilitation, L.L.C., doing business as Centria Home Rehab, was entitled as a "reasonable" charge under MCL 500.3107(1)(a) of the no-fault act, MCL 500.3101 *et seq.* Following a two-day jury trial, the trial court entered a judgment in favor of plaintiff in accordance with the jury's verdict. In Docket No. 365338, defendant Allstate Insurance Company appeals by right the judgment in plaintiff's favor. In Docket No. 365313, plaintiff appeals by right the trial court's order denying plaintiff's motion for costs, statutory interest, and attorney fees. This Court

-1-

consolidated the appeals.[1]  We affirm in Docket No. 365338, and affirm in part, reverse in part, and remand for further proceedings in Docket No. 365313.

## I.  FACTUAL BACKGROUND

On December 6, 2018, defendant's insured, Barbara McCauley, was seriously injured in a motor vehicle accident.  Plaintiff is a home rehabilitation service that provided attendant-care services to McCauley as a result of the accident.  From September 2019 to February 2020 plaintiff billed defendant $33.20 an hour for its services.  In February 2020, plaintiff increased its hourly rate to $34 an hour.  Defendant paid plaintiff's invoices at a reduced rate of $24 an hour.  Because defendant failed to pay plaintiff's invoices in full, plaintiff filed this action alleging that defendant breached its statutory and contractual obligations to pay no-fault benefits in a timely manner.

The jury returned a verdict in plaintiff's favor in the amount of $119,043.43 and determined that defendant's payments were overdue.  Based on its determination that payments were overdue, the jury awarded plaintiff penalty interest under MCL 500.3142 in the amount of $31,802.14.  The trial court entered a judgment in plaintiff's favor in the total amount of $150,845.57, plus statutory judgment interest.  The judgment also stated that plaintiff could petition the trial court for an award of statutory interest plus attorney fees and costs.

Thereafter, plaintiff filed a motion for attorney fees, costs, and statutory interest, which the trial court denied.  In addition, defendant moved for a new trial, arguing that the trial court abused its discretion by allowing plaintiff's controller, Greg Ralko, to testify over defendant's objection that plaintiff's rate for attendant-care fees was within the 60th or 65th percentile of attendant-care rates according to the Optum Health Customized Fee Analyzer publication (the Optum publication).  Defendant argued that Ralko's testimony constituted hearsay.  The trial court denied defendant's motion.  This appeal followed.

## II.  HEARSAY TESTIMONY

In Docket No. 365338, defendant argues that the trial court abused its discretion by admitting Ralko's hearsay testimony.  We disagree.

## A.  STANDARD OF REVIEW

We review for an abuse of discretion a trial court's evidentiary rulings, but review de novo preliminary questions of law.  *Dorsey v Surgical Institute of Mich, LLC*, 338 Mich App 199, 223; 979 NW2d 681 (2021).  We also review for an abuse of discretion a trial court's decision on a motion for a new trial.  *Id*.  An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes.  *Id*.

---

[1] *Centria Home Rehab LLC v Allstate Ins Co*, unpublished order of the Court of Appeals, entered March 22, 2023 (Docket Nos. 365313 & 365338).

B.  ANALYSIS

Defendant argues that Ralko's testimony concerning the Optum publication constituted inadmissible hearsay.  At the time of trial, MRE 801(c)[2] provided that "[h]earsay is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  MRE 801(a) defined "statement," in relevant part, as "an oral or written assertion."  Hearsay is inadmissible unless otherwise provided by the rules of evidence.  MRE 802.

At trial, Ralko testified that S9122 is the national standard billing code for attendant-care services.  He testified as follows regarding the Optum publication:

> We buy a book from Optum every year, okay, and it's a telephone book, okay, and in that book it has every billing code, every billing code.  And so when I say it's a sanity check for me, what I do is I look for S9122 and up on the top column they say 25%, 50%, 75%, 100%, where does my rate fit in, okay.  And we always hover in the 60% range, 60, 65% range since we've been getting this book annually, so I know my rates are reasonable and I validate it by prescribing and buying this independently prepared document.

Defendant objected on the basis that Ralko's testimony constituted hearsay.  The trial court overruled the objection, stating "[h]e can testify as to what he used to determine his rates."  After trial, in denying defendant's motion for a new trial, the trial court reasoned that the testimony was admissible as a market report or commercial publication under MRE 803(17), that it was not offered for the truth of the matter asserted, and that any error was harmless.

Ralko's testimony regarding the Optum publication did not constitute hearsay.  Ralko explained that he knew that plaintiff's rate was reasonable because "we always hover" in the 60% to 65% range of fees based on his review of the Optum publication.  Ralko did not testify regarding an out-of-court statement.  Rather, his testimony concerning the Optum publication was limited to his review of the publication as it pertained specifically to plaintiff's rate, and Ralko did not quote the publication itself.  Ralko's testimony that plaintiff's rate was reasonable because his review of the Optum publication showed that the rate fell in the 60th to 65th percentile did not constitute hearsay.  Accordingly, defendant's argument is unavailing.

III.  COSTS

In Docket No. 365313, plaintiff first argues that the trial court erred by denying its request for costs under MCR 2.625.  We disagree.  We review for an abuse of discretion a trial court's decision regarding costs.  *Souden v Souden*, 303 Mich App 406, 414; 844 NW2d 151 (2013).

---

[2] The Michigan Rules of Evidence were substantially amended on September 20, 2023, effective January 1, 2024.  See 512 Mich lxiii (2023).  This opinion relies on the version of the rules of evidence in effect at the time of trial.

After trial, plaintiff filed a corrected motion for attorney fees, costs, and statutory interest, asserting that "[t]he trial court may rule on requests for costs or attorney fees under MCR 2.403(O)[,] 2.313(c), 2.625, MCL 500.3148(1) or other law or court rule, unless the Court of Appeals orders otherwise." Plaintiff failed to provide any argument regarding costs although it stated that its costs totaled $3,885.25 and referenced the corrected affidavit of attorney Steven K. Mamat, which failed to itemize costs or otherwise discuss costs under MCR 2.625. Moreover, although Mamat's affidavit averred that plaintiff incurred costs "[a]s set forth in the attached exhibits and affidavits," the only attachment was Mamat's billable attorney fee log.

A party must support its argument with citations to relevant legal authority and abandons its argument by failing to do so. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 626-627; 750 NW2d 228 (2008). A party must also provide evidence in support of its argument. *Id*. at 627. Plaintiff's single reference to MCR 2.625 in its motion was insufficient to address the merits of its claim. In light of plaintiff's failure to provide any legal argument and citation to authority in support of its request for costs, and its failure to provide a bill of costs, the trial court did not abuse its discretion by declining to award costs under MCR 2.625.

## IV.  ATTORNEY FEES

Plaintiff also argues that the trial court erred by denying its request for attorney fees under MCL 500.3148(1). We disagree.

### A.  STANDARDS OF REVIEW

"A request for attorney fees under MCL 500.3148(1) presents a mixed question of law and fact." *Abdulla v Progressive Southeastern Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 364797, 364866); slip op at 4, lv pending. We review for clear error the trial court's findings of fact regarding attorney fees and review de novo underlying questions of law. *Id*. Clear error exists if we are left with a definite and firm conviction that an error occurred. *DeGeorge v Warheit*, 276 Mich App 587, 591; 741 NW2d 384 (2007). The trial court's decision whether to award attorney fees is reviewed for an abuse of discretion. *Ayotte v Dep't of Health & Human Servs*, 337 Mich App 29, 38; 972 NW2d 282 (2021).

### B.  ANALYSIS

MCL 500.3148(1) provides, in pertinent part:

> [A]n attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue. The attorney's fee is a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

This provision "establishes two prerequisites for the award of attorney fees." *Moore v Secura Ins*, 482 Mich 507, 517; 759 NW2d 833 (2008). First, benefits must be overdue under MCL 500.3142(2). *Id*. That subsection states that "benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." MCL

-4-

500.3142(2). Second, the trial court must find that the insurer " 'unreasonably refused to pay the claim or unreasonably delayed in making proper payment' " as stated in MCL 500.3148(1). *Moore*, 482 Mich at 517. "If a claimant establishes the first prerequisite, a rebuttable presumption arises regarding the second," and "[t]he insurer then bears the burden of justifying the refusal or delay." *Brown v Home-Owners Ins Co*, 298 Mich App 678, 690-691; 828 NW2d 400 (2012). "An insurer may justify its refusal to pay a claimant benefits by showing that the claim presented a legitimate question of statutory construction, constitutional law, or factual uncertainty." *Id*. at 691.

In this case, the jury determined that benefits were overdue and awarded penalty interest in accordance with MCL 500.3142. The jury's determination created a rebuttable presumption that defendant unreasonably refused to pay benefits. *Brown*, 298 Mich App at 690-691. Defendant rebutted the presumption by establishing " 'a bona fide factual uncertainty' " regarding the reasonable rate of attendant-care fees. See *Abdulla*, ___ Mich App at ___; slip op at 6 (quotation marks and citation omitted). With the exception of one seemingly erroneous payment in full in September 2019, defendant paid plaintiff's invoices at the rate of $24 an hour. Whether $24 an hour, plaintiff's invoiced rates of $33.20 and $34 an hour, or a different rate altogether was reasonable was the ultimate issue to be determined at trial. Tarina Yates, defendant's medical claims adjuster, testified that, in determining a reasonable rate, she considered McCauley's injuries, the level of care that she required, and the reasonable and customary rates in McCauley's geographic area. Yates relied on a June 2019 market survey and a March 2020 market survey to determine the customary rates in McCauley's geographic area, although she acknowledged that she mistakenly relied on the 2019 market survey because it did not pertain to McCauley.[3]

Moreover, as previously discussed, Ralko testified that plaintiff's rate fell in the 60% to 65% range of rates geographically based on his review of the Optum publication. He testified that "if we're at 65%, that means 65% of the other companies bill something less than $34." He further testified, "[w]e're above average, above 50%, but we're not off the chart." Thus, more than half of the companies surveyed billed less than plaintiff's rate for the same services. Accordingly, because the evidence demonstrated a bona fide factual uncertainty regarding the reasonable rate of attendant-care fees, the trial court properly denied plaintiff's motion for attorney fees under MCL 500.3148(1).

## V. STATUTORY INTEREST

Finally, plaintiff argues that the trial court erred by declining to award statutory interest under MCL 600.6013(8). We agree. MCL 600.6013(1) provides that "[i]nterest is allowed on a money judgment recovered in a civil action, as provided in this section." MCL 600.6013(8) states that interest "is calculated on the entire amount of the money judgment, including attorney fees

---

[3] Notwithstanding that the market surveys were not admitted as evidence, and accordingly are not part of the lower court record, plaintiff has attached copies of the surveys to its brief on appeal. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002).

and other costs." Interest under MCL 600.6013 is mandatory in all cases in which the statute applies. *Farmers Ins Exch v Titan Ins Co*, 251 Mich App 454, 460; 651 NW2d 428 (2002).

The trial court granted plaintiff a judgment on the jury verdict "in the amount of $150,845.57 plus statutory judgment interest." The judgment further stated that "[p]laintiff may petition the Court for an award of statutory interest and applicable attorney's fees and costs." Although plaintiff did so, the trial court failed to award statutory interest in accordance with MCL 600.6013(8). We therefore reverse in part the trial court's February 23, 2023 opinion and order to the extent that the trial court denied plaintiff's request for statutory interest and remand this case to the trial court for an award of statutory interest under MCL 600.6013(8).

## VI. CONCLUSION

In Docket No. 365338, we affirm the trial court's judgment in plaintiff's favor. In Docket No. 365313, we affirm in part and reverse in part the February 23, 2023 order, and remand for further proceedings. On remand, the trial court shall order statutory interest in accordance with MCL 600.6013(8).

Neither party having prevailed in full, no costs are awarded under MCR 7.219(A). We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan